⑤

1    JEFFREY LEWIS
     (State Bar No. 66587)
2    jlewis@lewisfeinberg.com
     BILL LANN LEE
3    (State Bar No. 108452)
     blee@lewisfeinberg.com
4    ANDREW LAH
     (State Bar No. 234580)
5    alah@lewisfeinberg.com
     SACHA STEINBERGER
6    (State Bar No. 253823)
     ssteinberger@lewisfeinberg.com
7    LEWIS, FEINBERG, LEE,
     RENAKER & JACKSON, P.C.
8    476 9th Street,
     Oakland, CA 94607
9    Telephone: (510) 839-6824
     Facsimile: (510) 839-7839
10
     *Attorneys for Retiree Support Group of*
11   *Contra Costa County*

Fee Pd

FILED

JS 5

FEB 2 4 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

12                  UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                                    C12-00944    DMR

15   RETIREE SUPPORT GROUP OF          Case No. _____
     CONTRA COSTA COUNTY,
16                                      **COMPLAINT**
                   Plaintiff,
17
             v.
18
     CONTRA COSTA COUNTY,
19
                   Defendant.                          ADR
20

21                          **INTRODUCTION**
22

23       1.    For decades, Contra Costa County (the "County") promised its employees that, in

24   exchange for their dedicated service to the County, they would receive retiree health care benefits

25   for themselves and their dependents, and that the County would fund 80% or more of the costs of

26   these benefits of at least one plan, even if the costs were to increase. Relying on the County's

27   promises, these employees completed their part of the bargain by dedicating some or all of their

28   working years to the County. They also gave up wage increases and other employment

     COMPLAINT
     [CASE NO. 09-4432]

1    compensation benefits in order to receive retiree health care benefits.

2        2.      Despite its employees' loyalty and full performance of their employment obligations,

3    the County has now breached its promises by capping its contribution at a flat dollar amount and

4    passing on to its former employees and their spouses, domestic partners, and survivors, and

5    retirees from service independent districts, (the "Retirees") the entire amounts of increases in

6    health care costs.  Beginning January 1, 2010, these changes have forced, and will continue to

7    force, Plaintiff Retirees to pay higher, and increasing, amounts for their health care benefits at a

8    time in their lives when they have neither the financial flexibility nor the ability to earn wages to

9    offset the increasing costs.

10       3.      On behalf of its members, the Retiree Support Group of Contra Costa County ("RSG")

11   seeks injunctive and declaratory relief which would require the County to fulfill its contractual

12   obligation to pay at least 80% for the costs of retiree health care for Retirees and their dependents,

13   including its commitment to bear the same percentage of cost increases.  RSG's membership

14   includes Retirees who, as active employees, were represented by unions, as well as those who

15   were unrepresented.  This action seeks declaratory and injunctive relief for the benefits owed to

16   all Retirees.

17       4.      Plaintiff filed a Government Code Claim, pursuant to California Govt. Code § 910 et

18   seq., with the County on June 4, 2010.  The Government Code Claim raised the issues asserted in

19   this Complaint on behalf of the Plaintiff Retirees.  The County denied the Government Code

20   Claim on July 13, 2010 and mailed notice of denial on July 14, 2010.

21       5.      After the County denied the Government Code Claim, RSG and the County entered

22   into an agreement to toll the statute of limitations under California Govt. Code § 913 from

23   December 1, 2010 through January 15, 2012.

24                                **JURISDICTION AND VENUE**

25       6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

26   1331 and 1343, and pursuant to its supplemental jurisdiction over Plaintiff's claims brought under

27   the laws of the State of California.  The Court has personal jurisdiction over the County because

28   the County is located and conducts business in this judicial district and this action arises from the

COMPLAINT                                    - 2 -

1    County's conduct occurring here.

2        7.    The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and

3    2202. Money damages alone are inadequate, and Plaintiff's members suffer and will continue to

4    suffer irreparable injury absent injunctive relief.

5        8.    Venue is proper within this District pursuant to 28 U.S.C. § 1391(b) because the

6    County is located in this District.

7                              **INTRADISTRICT ASSIGNMENT**

8        9.    This action arises in Contra Costa County and thus should be assigned to the Oakland

9    Division.

10                                      **PARTIES**

11       10.   Plaintiff RSG is a mutual benefit non-profit membership organization that promotes

12   and protects the welfare, benefits, and interests of employees retired from public service in Contra

13   Costa County.  Regular membership in RSG is open to retirees from public service in Contra

14   Costa County, their spouses, their survivors, and their domestic partners, all of whom are

15   members and beneficiaries of the Contra Costa County Employees' Retirement System, which

16   consists of retirees from the County, the Contra Costa Fire Districts and other special districts,

17   and other designated government agencies that are affiliated with the County.

18       11.   RSG currently has approximately 1280 total members.

19       12.   Defendant Contra Costa County is a political subdivision of the State of California,

20   duly authorized and existing under the laws of, and by virtue of, the Constitution and laws of the

21   State of California.  The County provides health care benefits for current and retired County

22   employees through both a self-funded plan and contracts with third parties.

23                              **GENERAL ALLEGATIONS**

24       13.   The County has provided retiree medical benefits for Retirees since at least 1961, and

25   thereafter expanded its retiree medical coverage for spouses and dependents.

26       14.   Prior to 1992, the County paid fixed dollar amounts to subsidize health care costs for its

27   active employees and retirees.  For decades, the County paid the same health care premium

28   subsidies for its active employees and retirees.

COMPLAINT                                    - 3 -

15.     Beginning in or around 1992, the County and its labor organizations changed the way that retiree health care would be subsidized. The County, via Memoranda of Understanding ("MOU") approved by the Board of Supervisors, agreed to pay, in perpetuity, for at least approximately 80% or more of the cost of retiree health care of at least one plan, depending on the option, rather than a fixed dollar amount. The County also promised to maintain the same cost-sharing split for any increases in health care costs, rather than setting a fixed dollar cap. Retirees became eligible for future retiree medical benefits upon meeting the County's pension eligibility requirements.

16.     The County entered into Memoranda of Understanding with its employee labor organizations containing the above promises for vested retiree health care benefits, including, for example, MOUs with the following organizations, among others: Public Employees Union, Local 1; Social Services Union, Local 535; Western Council of Engineers; Professional and Technical Employees Local 512, AFSCME; United Clerical, Technical & Specialized Employees AFSCME, Local 2700; and the Physicians' and Dentists' Organization. The promise that the County would pay approximately 80% of eligible Retirees' health care benefits in perpetuity was repeated in later MOUs.

17.     In or around 1992, the County made parallel promises to its unrepresented employees through Board of Supervisor ("BOS") Resolution No. 92/107. The promise that the County would pay at least 80% of eligible Retirees' health care benefits in perpetuity was repeated in other BOS Resolutions, including but not necessarily limited to Resolution Nos. 96/488 and 99/585.

18.     The Retirees accepted the benefits described in paragraphs 15-18 in lieu of other compensation and benefits, such as pay increases and cost of living adjustments in their pensions.

19.     The County's promises to pay for at least approximately 80% of the cost of health care benefits for at least one plan for its employees and their dependents after its employees retired, regardless of any increases in health care costs, and the employees' performance of services in exchange for these promises, created legally binding contracts.

COMPLAINT                                    - 4 -

20. The promises described in paragraphs 15-17 were contained in written contracts
containing implied terms and/or in implied contracts. The terms of these contracts were conveyed
and evidenced in several ways, including but not limited to orally and through the County's
practices.

21. The County's clear intent to bind itself to contracts with the Retirees is evidenced by
the ratification and approval of MOUs and BOS Resolutions promising that the County would
pay at least approximately 80% of the cost of retirees' and their dependents' health benefit
premiums without any durational limitation for employees retiring under the MOUs and
resolutions in effect when they retired.

22. The implied contracts, and/or implied terms of the contracts described above are
evidenced in part by the testimony of key former labor negotiators and County officials who were
responsible for establishing the County's retiree health care system in 1992 and maintaining it
thereafter. These individuals will testify that the County promised to provide vested retiree health
care subsidies that paid for at least approximately 80% or more of the cost of health care for the
life of the retirees, depending on the option, in exchange for concessions by the labor
organizations, including but not limited to reduced wage increases. This included agreements to
maintain the same cost-sharing split for increases in health care costs.

23. For almost two decades, the County provided and paid benefits, including its 80% or
greater share of the increases in health care costs, in recognition of its promises to employees who
retired during the terms of MOUs or salary resolutions. During that time period, the County
repeatedly sought and received funds from the Contra Costa County Employees' Retirement
System when it had fiscal shortcomings, rather than denying its obligation to fulfill its promises
for retiree health care.

24. Beginning January 1, 2010, the County breached its contractual obligations to the
retirees when it increased the Retirees' share of the health care costs and shifted all future health
care cost increases onto the Retirees. The County's breaches of its obligations include, but are not
necessarily limited to, the following: (1) increasing the percentage of the health care costs paid

COMPLAINT - 5 -

1   by the retirees effective January 1, 2010; and (2) capping the County's share of monthly health

2   care costs at a fixed dollar amount, effective in 2011.

3       25.    The County's changes to its retiree health care benefit contributions will have a

4   devastating impact on the Retirees, many of whom are elderly individuals who live on fixed

5   incomes and will be required to pay many hundreds of additional dollars a month toward their

6   medical costs.

7       26.    In reliance on the County's promises, the Retirees made numerous life decisions

8   regarding, among other things, whether and how long to work for the County, how much to save

9   for retirement, and whether to select the County's retiree health care for themselves and their

10  families rather than other retiree health care options available through their spouse's or other

11  dependent's employer. Many Retirees chose to continue working for the County rather than

12  moving to other, higher paying employment at least in part because of the promise of retiree

13  health care benefits described in paragraphs 15-17.

14      27.    The Retirees have fully performed their duties under their contracts with the County

15  and are entitled to their vested benefits and the benefits of their bargains.

16
**FIRST CLAIM FOR RELIEF**
(Breach of Contract under California law)

17

18      28.    Plaintiff incorporates by reference paragraphs 1-27 set forth above as though fully set

19  forth herein.

20      29.    Retiree health care benefits were an integral part of the compensation received by

21  members of RSG in exchange for the performance of their services as active employees of the

22  County. The Retirees have performed their duties under their contracts with the County. The

23  County's agreements with the Retirees included the vested rights of the Retirees to have the

24  County pay for at least approximately 80% of the costs of their medical benefits and of any cost

25  increases.

26      30.    The County is legally bound to fulfill its promises to provide health care benefits to its

27  Retirees, including the promise to pay at least approximately 80% of all increased costs of health

28  care for Retirees and their dependents.

COMPLAINT                 - 6 -

1    31.    By failing to pay 80% of the costs of retiree health care and passing on the full amount

2    of increased costs to Retirees, the County has breached its contracts with the Retirees.

3    32.    The Retirees have been, and will increasingly continue to be, damaged monetarily by

4    the County's breaches.  The Retirees also risk losing their health care benefits and/or forgoing

5    making other necessary payments in order to pay for their health care benefits.

6    <center>**SECOND CLAIM FOR RELIEF**
(Impairment of Contract – California Constitution)</center>

7

8    33.    Plaintiff incorporates by reference paragraphs 1-28 set forth above as though fully set

9    forth herein.

10    34.    Retiree health care benefits were an integral part of the total compensation received by

11    the Retirees in exchange for the performance of their services as active employees of the County.

12    The Retirees have performed their duties under their contracts with the County.  The County's

13    agreements with the Retirees included the vested rights of the Retirees to have the County pay for

14    at least approximately 80% of the costs of their medical benefits and of any cost increases.

15    35.    Public employment which provides for post-employment benefits gives rise to certain

16    legal obligations on the part of the public employer, which obligations are subject to the Contract

17    Clause of the California Constitution.  The promised post-employment benefits are an integral

18    part of the compensation of the County's public employees, and constitute vested benefits that are

19    earned compensation.

20    36.    The County is legally bound to continue to provide to the Retirees and their dependents

21    the health care benefit cost-sharing split under which RSG members retired.

22    37.    By passing onto the Retirees the full amounts of increased costs, the County has

23    breached its contracts with the Retirees.

24    38.    The Retirees, including members of RSG, have been, and will increasingly continue to

25    be, damaged monetarily.  They also risk losing their health care benefits and/or forgoing making

26    other necessary payments in order to pay for their health care benefits.

27    //

28    //

COMPLAINT                                             - 7 -

1   39.   The County's actions were neither reasonable nor necessary to fulfilling an important

2   public purpose and were not, therefore, justifiable. The County's actions unlawfully impair a

3   contractual obligation, in violation of Article I, § 9 of the California Constitution.

4   **THIRD CLAIM FOR RELIEF**
(Impairment of Contract – U.S. Constitution)

5

6   40.   Plaintiff incorporates by reference paragraphs 1-27 set forth above as though fully set

7   forth herein.

8   41.   Retiree health care benefits were an integral part of the total compensation received by

9   the Retirees in exchange for the performance of their services as active employees of the County.

10  The Retirees have performed their duties under their contracts with the County. The County's

11  agreements with the Retirees included the vested rights of the Retirees to have the County pay for

12  at least approximately 80% of the costs of their medical benefits and of any cost increases.

13  42.   Public employment which provides for post-employment benefits gives rise to certain

14  legal obligations on the part of the public employer, which obligations are subject to the Contract

15  Clause of the United States Constitution. The promised post-employment benefits are an integral

16  part of the compensation of the County's public employees, and constitute vested benefits that are

17  earned compensation.

18  43.   The County is legally bound to continue to provide to the Retirees and their dependents

19  the health care cost-sharing split in effect when they retired.

20  44.   By passing on to the Retirees the full amounts of increased costs, the County has

21  impaired and breached its contracts with the Retirees.

22  45.   The Retirees have been, and will increasingly continue to be, damaged monetarily.

23  They also risk losing their health care benefits and/or forgoing making other necessary payments

24  in order to pay for their health care benefits.

25  46.   The County's actions were neither reasonable nor necessary to fulfilling an important

26  public purpose and were not, therefore, justifiable. The County's actions unlawfully impair a

27  contractual obligation, in violation of Article I, § 10 of the United States Constitution.

28  //

COMPLAINT                           - 8 -

**FOURTH CLAIM FOR RELIEF**
(Promissory Estoppel under California law)

47.     Plaintiff incorporates by reference paragraphs 1-28 set forth above as though fully set forth herein.

48.     Retiree health care benefits were an integral part of the promises of total compensation made by the County to the Retirees. The County promised the Retirees that it would pay at least approximately 80% of their, and their dependents', health care benefit costs, regardless of increasing costs, during retirement.

49.     The Retirees reasonably and detrimentally relied on the County's promises in that:

a.   Retirees were induced to accept employment with the County;

b.   Retirees were induced to remain employed with the County;

c.   Retirees were induced to continue receiving the County's health care benefits, rather than those available to them through their spouses' employers;

d.   Retirees were induced to forego other benefits and/or compensation, while employed, in lieu of retiree health care benefits,

e.   Retirees' dependents were induced to give up health care benefits available through their employers, and;

f.   The Contra Costa County Employees' Retirement System, on behalf of the Retirees, transferred to the County more than eight hundred fifty million dollars that could have been used for the benefit of the Retriees.

50.     The County knew or should have known that the Retirees would rely on the County's promises and that the County's promises would induce the Retirees and those acting on their behalf to perform the acts listed in paragraph 26.

51.     As a result of the acts that the Retirees and those acting on their behalf were induced to perform, as listed in paragraph 26, and the County's nonperformance of its promises to pay at least approximately 80% of the costs of the health care benefits for Retirees and their dependents, regardless of increasing costs, the Retirees have been, and will increasingly continue to be,

COMPLAINT                                            - 9 -

1  damaged monetarily. They also risk losing their health care benefits and/or forgoing making

2  other necessary payments in order to pay for their health care benefits.

3  **FIFTH CLAIM FOR RELIEF**
   (Due Process – California Constitution)

4

5      52.    Plaintiff incorporates by reference paragraphs 1-27 set forth above as though fully set

6  forth herein.

7      53.    Retiree health care benefits were an integral part of the total compensation received by

8  Retirees in exchange for the performance of their services as active employees of the County.

9  The Retirees have performed their duties under their contracts with the County. The County's

10 agreements with the Retirees included the vested rights of the Retirees to have the County pay for

11 at least approximately 80% of the costs of their medical benefits and of any cost increases.

12     54.    The Retirees have a vested property right in the County's payment of at least

13 approximately 80% of the cost of health care benefits for them and their dependents because,

14 among other things:

15                 a.   the County promised to provide those benefits after retirement in exchange

16                      for services the Plaintiff Retirees rendered during their active employment;

17                 b.   the Retirees reasonably and detrimentally relied on the County's promise to

18                      pay their health care benefits as part of their total compensation;

19                 c.   the Retirees decided to forego other benefits and compensation, while

20                      employed, in lieu of retiree health care; and

21                 d.   the Retirees performed their duties under these contracts.

22     55.    By passing on to Retirees all of the increases in Retiree health care costs, the County

23 has breached its contracts with the Retirees.

24     56.    The Retirees have been, and will increasingly continue to be, damaged monetarily.

25 They also risk losing their health care benefits and/or foregoing making other necessary payments

26 in order to pay for their health care benefits.

27     57.    The County's actions were neither reasonable nor necessary to fulfilling an important

28 public purpose and were not, therefore, justifiable.

COMPLAINT                              - 10 -

1      58.    Under Article I, 7 of the California Constitution, the County may not take away this

2  vested property right without compensating the Retirees for the value that it represents.

3  <div align="center">**SIXTH CLAIM FOR RELIEF**<br>(Due Process – U.S. Constitution & 42 U.S.C. § 1983)</div>

4

5      59.    Plaintiff incorporates by reference paragraphs 1-27 set forth above as though fully set

6  forth herein.

7      60.    Retiree health care benefits were an integral part of the total compensation received by

8  the Retirees in exchange for the performance of their services as active employees of the County.

9  The Retirees have performed their duties under their contracts with the County. The County's

10  agreements with the Retirees included the vested rights of the Retirees to have the County pay for

11  at least approximately 80% of the costs of their medical benefits and of any cost increases.

12      61.    The Retirees have a vested property right in the County's payment of at least

13  approximately 80% of the cost of the health care benefits for them and their dependents, because,

14  inter alia:

15          a.  the County promised to provide those benefits after retirement in exchange

16              for services the Retirees rendered during their active employment;

17          b.  the Retirees reasonably and detrimentally relied on the County's promise to

18              pay the full cost of their health care benefits as part of their total

19              compensation;

20          c.  the Retirees decided to forego other benefits and compensation, while

21              employed, in lieu of retiree health care benefits; and

22          d.  the Retirees performed their duties under these contracts.

23      62.    By passing on to Retirees all of the increases in Retiree health care costs, the County

24  has breached its contracts with the Retirees.

25      63.    The Retirees have been, and will increasingly continue to be, damaged monetarily.

26  They also risk losing their health care benefits and/or forgoing making other necessary payments

27  in order to pay for their health care benefits.

28  //

COMPLAINT                  - 11 -

64. The County's actions were neither reasonable nor necessary to fulfilling an important public purpose and were not, therefore, justifiable.

65. Under the Fifth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983, the County may not take away this vested property right without compensating Plaintiff Retirees for the value that it represents.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests:

1. On the First Claim for Relief:

   a. That this Court declare that the Retirees have contractual rights to, and vested property interests in, the County's obligation to pay for at least 80% of the cost of health care benefits for Retirees and their dependents, including 80% of all increases in costs.

   b. That this Court declare that the County's recent changes to retiree health care benefits, including, but not limited to, the changes formalized by the County Resolution taking effect January 1, 2010, breached the contracts the County has with the Retirees and deprived the Retirees of a vested property interest.

   c. That this Court issues an injunction ordering the County to reinstate the 80-20 health care cost-sharing split.

   d. That this Court issue an injunction ordering the County to do the following:

     i. Review its records of health care benefit premium costs and payments;

     ii. Ascertain the difference between what the County has paid toward Retirees' health care costs since the January 1, 2010 changes were implemented and what the County would have paid toward the Retirees' health care costs had those changes not been implemented; and

     iii. Compensate the Retirees for this amount with interest.

   e. That this Court award reasonable attorney's fees and costs.

   f. That this Court award such additional or alternative relief as may be just, proper and equitable.

COMPLAINT - 12 -

2. On the Second and Third Claims for Relief:

    a. That this Court declare that the Retirees have contractual and Constitutional rights to, and vested property interests in, the County's obligation to pay for at least approximately 80% of the cost of health care benefits for Retirees and their dependents, including 80% of all increases in costs.

    b. That this Court declare that the County's recent changes to retiree health care benefits, including, but not limited to, the changes formalized by the County Resolution taking effect January 1, 2010, breached the contracts the County has with the Retirees, deprived the Retirees of vested property interests, and impaired the County's contractual obligations to the Retirees under the United States and California Constitutions.

    c. That this Court issue an injunction ordering the County to reinstate its health care benefit 80-20 cost-sharing split that existed prior to the County's implementation of the January 1, 2010 contribution increases for retiree health care benefits.

    d. That this Court issue an injunction ordering the County to do the following:

        i. Review its records of health benefit costs and payments;

        ii. Ascertain the difference between what the County has paid toward Retirees' health care costs since the January 1, 2010 changes were implemented and what the County would have paid toward Retiree health care costs had those changes not been implemented; and

        iii. Compensate the Retirees for this amount with interest.

    e. That this Court award reasonable attorney's fees and costs.

    f. That this Court award such additional or alternative relief as may be just, proper and equitable.

3. On the Fourth Claim for Relief:

    a. That this Court declare that the Retirees have reasonably and detrimentally relied on the County's promises to provide retiree health care benefits, which included the obligation to for at least approximately 80% of the cost of the health care

COMPLAINT                  - 13 -

benefits for Retirees and their dependents, including 80% of all cost increases, and were induced by those promises to, among other things, accept employment, remain employed, and forgo other employment benefits and compensation.

b. That this Court declare that the County is estopped from carrying out, implementing, or continuing to implement its recent changes to retiree health care benefits including, but not limited to, the changes beginning on January 1, 2010.

c. That this Court issue an injunction ordering the County to reinstate the health care benefit 80-20 cost-sharing split that existed prior to the County's implementation of the January 1, 2010 contribution increases for retiree health care benefits.

d. That this Court issue an injunction ordering the County to do the following:

    i.  Review its records of health care benefit costs and payments;

    ii.  Ascertain the difference between what the County has paid toward Retirees' health care benefit costs since the January 1, 2010 changes were implemented and what the County would have paid toward Retiree health care benefit costs had those changes not been implemented; and

    iii.  Compensate the Retirees for this amount with interest.

e. That this Court award reasonable attorney's fees and costs.

f. That this Court award such additional or alternative relief as may be just, proper and equitable.

4. On the Fifth and Sixth Claims for Relief:

a. That this Court declare that the Retirees have a contractual and Constitutional right to, and vested property interest in, the County's obligation to pay for at least approximately 80% of the cost of health care benefits for Retirees and their dependents, including 80% of all cost increases.

b. That this Court declare that the County's recent changes to retiree health care benefits including, but not limited to, the changes formalized by the County beginning January 1, 2010, breached the contracts the County has with the Retirees, deprived the Retirees of vested and Constitutionally-protected property

COMPLAINT            - 14 -

1    interests, and denied the Retirees due process under the United States and

2    California Constitutions.

3       c.  That this Court issue an injunction ordering the County to reinstate its health care

4         benefit 80-20 cost-sharing split Retirees that existed prior to the County's

5         implementation of the January 1, 2010 contribution increases for retiree health

6         care benefits.

7       d.  That this Court issue an injunction ordering the County to do the following:

8            i.  Review its records of health care benefit premium costs and payments;

9           ii.  Ascertain the difference between what the County has paid toward

10            Retirees' premium costs since the January 1, 2010 changes were

11            implemented and what the County would have paid toward Retiree

12            premium costs had those changes not been implemented; and

13         iii.  Compensate the Retirees for this amount with interest.

14      e.  That this Court award reasonable attorney's fees and costs.

15      f.  That this Court award such additional or alternative relief as may be just, proper

16        and equitable.

17   Respectfully Submitted,

18   Dated: February 24, 2012

LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.

19   By: _____ Jeffrey Lewis

21   Jeffrey Lewis
Bill Lann Lee
22   Andrew Lah
Sacha Steinberger
23   LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
24   476 9th Street
Oakland, CA 94607
25   Telephone: (510) 839-6824
Facsimile: (510) 839-7839

26   *Attorneys for Retiree Support Group of Contra Costa County*

COMPLAINT     - 15 -