UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| RETIREE SUPPORT GROUP OF CONTRA COSTA COUNTY,<br><br>Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY,<br><br>Defendant.<br>_____/ | No. CV 12-0944 JSW (MEJ)<br><br>**ORDER REGARDING JOINT DISCOVERY DISPUTE LETTER**<br><br>**Re: Docket No. 41** |

Currently pending before the Court is the parties' joint discovery dispute letter, in which Plaintiff Retiree Support Group of Contra Costa County asks the Court to compel Defendant Contra Costa County to produce certain documents. Dkt. No. 41. Having considered the parties' positions and relevant legal authority, the Court DENIES WITHOUT PREJUDICE Plaintiff's request for the reasons explained below.[1]

## BACKGROUND

Plaintiff initiated this action on behalf of Contra Costa County's retired employees on February 24, 2012, alleging Defendant had breached promises for the provision and payment of health care benefits to its employees. Compl., Dkt. No. 1. Specifically, Plaintiff claimed that Defendant made promises to its employees that they would receive retiree health care benefits for themselves and their dependants, and that Defendant would fund at least 80% of the costs of these benefits for at least one benefit plan. *Id.*

On July 10, 2012, the Honorable Jeffrey S. White, the presiding judge in this matter,

---

[1] The Court notes that the parties failed to follow the undersigned's standing order and meet and confer <u>in person</u> before filing their joint discovery dispute letter. Pursuant to the undersigned's discovery standing order, any future discovery dispute letters must be accompanied with an attestation from counsel that the parties met and conferred in person prior to filing the letter.

1 dismissed Plaintiff's complaint for failure to state a claim, but afforded Plaintiff leave to amend its
2 allegations. Dkt. No. 32. Judge White explained that Plaintiff's claims failed as a matter of law
3 because the complaint only vaguely asserted the existence of a contractual relationship. *Id.* at 5. This
4 failure was material because under "California law, in the public employment context, a contract with
5 employees must be created by a resolution or ordinance formally enacted by the Board of
6 Supervisors." *Id.* at 4 (citing *Harris v. Cnty. of Orange*, --- F.3d. ---, 2012 WL 2060666, at *7 (9th
7 Cir. June 8, 2012)). Judge White, however, noted that pursuant to authority from the California
8 Supreme Court, public employment contracts may contain implied terms when "the language or
9 circumstances accompanying the passage of an ordinance or resolution clearly evinces an intent to
10 create private rights of a contractual nature enforceable against the government." *Id.* (citing *Retired*
11 *Emps. Ass'n of Orange Cnty., Inc. v. Cnty. of Orange*, 52 Cal. 4th 1171, 1176 (2011). Accordingly,
12 the dismissal was without prejudice, with Judge White providing as follows:

> Nevertheless, because it does not appear to be futile, the Court will provide Plaintiff with leave to amend to allege all of the specific resolutions or ordinances that contain the 80% Promise for each of Plaintiff's members, whether expressly or through implied terms. Moreover, to the extent Plaintiff contends the 80% Promises are contained within implied terms, Plaintiff should allege the language or circumstances accompanying the passage of these ordinances and/or resolutions that clearly evince an intent to create private rights of a contractual nature enforceable against the County. However, this leave is limited to pleading the existence of contracts with express or implied terms, and not contracts which are wholly implied. As discussed above, California Government Code § 25300 requires that any contract with public employees must be created by a resolution or ordinance. Therefore, it would be futile to provide leave to amend to plead an implied contract.

20 *Id.* at 5.
21     After Judge White's order, the parties met and conferred about the anticipated amendment of
22 Plaintiff's complaint and early discovery. On August 6, 2012, the Court granted the parties'
23 stipulation in which Plaintiff received additional time to file its amended complaint and Defendant
24 agreed to produce the documents below, with the scope of request number 3 to be determined by the
25 Court (which is the issue currently before the undersigned):

26     1. All Memoranda of Understanding [MOU] and all resolutions ratifying the MOUs;
27
28     2. All resolutions and attachments to the resolutions relating to the retiree

health benefits;

3. All documents relating to the adoption, interpretation, or implementation of any resolution or MOU regarding retiree health benefits, including but not limited to job announcements and postings, employee handbooks, staff memoranda prepared for the Board, and cost analyses of retiree health care;

4. All board meeting minutes, agenda, and attachments relating to retiree health benefits;

5. All recordings of Board of Supervisor meetings.

Dkt. No. 37. Specifically, Defendant agreed to produce documents responsive to request numbers 1, 2, 4, and 5, dating back to January 1, 1970. *Id.* With respect to request number 3, Defendant agreed to produce non-privileged, public documents that were provided to the Board of Supervisors accompanying the passage of the resolutions relating to the MOUs or retiree health benefits, but not other documents that relate to the adoption, interpretation, or implementation of any resolution or MOU regarding retiree health benefits. Dkt. No. 41 at 2.

Thus, the issue before the Court is whether it should compel Defendant to produce all of the documents Plaintiff seeks in request number 3. Plaintiff argues that further production is necessary so that it can properly amend its complaint and state a viable claim in compliance with Judge White's order.[2] *Id.* at 3. Defendant argues that granting Plaintiff's request would be improper since Defendant has already voluntarily complied by responding to several document requests, and this specific request is unduly burdensome and will not lead to the discovery of evidence that will Plaintiff to state a viable in its amended complaint. *Id.* at 4. Additionally, Defendant contends that Plaintiff should not be permitted to conduct "full-blown" discovery before it has stated a viable claim. *Id.*

**ANALYSIS**

The Court finds that at this time Defendant is not required to produce the additional documents that Plaintiff seeks in request number 3. Further production is not necessary because

---

[2] Plaintiff concedes that it may be interpreting Judge White's order incorrectly and, if so, seeks clarification of what it is required to plead in its amended complaint. Dkt. No. 41 at 3 ("If Plaintiff is reading the Court's order in an incorrect manner, then it requests that the Court clarify this, in which case it does not need at this time to discover the disputed documents.").

3

1 Plaintiff's request seeks evidence of an implied contract, is an attempt to conduct full discovery
2 before a viable claim has been stated, and is overly burdensome for Defendant.

3 Judge White's order directs Plaintiff to plead "the existence of contracts with express or
4 implied terms, and not contracts which are wholly implied." Dkt. No. 32 at 5. Defendant has already
5 agreed to comply with request number 2, which would provide Plaintiff with documents about "[a]ll
6 resolutions and attachments relating to retiree health benefits." Dkt. No. 41 at 1. Because California
7 public sector employment contracts may only be based on resolution or ordinance, the documents
8 produced pursuant to request number 2 should provide Plaintiff with the requisite information to
9 plead a basis in contract if it in fact exists. Upon a showing of a contractual basis for its claims,
10 Plaintiff may then assert implied terms (i.e., promises for provision and payment of health care
11 benefits) through documents accompanying the resolutions. The Court finds that seeking documents
12 beyond those which Defendant has already agreed to produce is an attempt by Plaintiff to uncover
13 evidence of a contract which is wholly implied. As such, the excessive, circumstantial, extrinsic
14 evidence sought in request number 3 is not necessary to comply with Judge White's order.

15 Moreover, Defendant has voluntarily agreed to comply with a substantial portion of Plaintiff's
16 document requests before the pleadings in this matter have even been settled. Defendant has already
17 agreed to produce documents responsive to requests number 1, 2, 4, and 5, and portions of request
18 number 3. Dkt. No. 37 at 3. Defendant's cooperation to this point should provide Plaintiff with
19 sufficient information to amend its complaint, particularly considering that Judge White has
20 explained that any amended complaint cannot be based solely on an implied contract. *See* Dkt. No.
21 32 at 5.

22 The Court also finds that this particular request from Plaintiff is unduly burdensome
23 considering the circumstances. Production of the documents at issue would require individual
24 searches within multiple off-site storage facilities for 40-year-old documents. Dkt. No. 41 at 4.
25 Although the "job announcements and postings, employee handbooks, staff memoranda prepared for
26 the Board, and cost analyses of retiree health care" may contain information supportive of Plaintiff's
27 claim, such an administratively burdensome pursuit is inappropriate at this stage of the proceedings
28

when it is unclear whether Plaintiff has even stated a viable claim. If Defendant moves to dismiss the amended complaint Plaintiff plans to file, and Plaintiff believes that it would be able to state a viable claim if Defendant had fully complied with request number 3, then Plaintiff is free to ask the Court to only dismiss its amended complaint with the caveat that Defendant properly respond to request number 3. Until that time, this Court finds that granting Plaintiff's current request is improper.[3]

## CONCLUSION

For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE Plaintiff's request to compel Defendant to produce the documents at issue in request number 3.

**IT IS SO ORDERED.**

Dated: October 2, 2012

Maria-Elena James
Chief United States Magistrate Judge

---

[3] Plaintiff is also free to seek these documents during discovery if its claims withstand Defendant's motion to dismiss.