UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RETIREE SUPPORT GROUP OF CONTRA COSTA COUNTY,<br><br>Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY,<br><br>Defendant. | Case No. 12-cv-00944-JST   (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 108 |

## I. INTRODUCTION

Pending before the Court is the parties' joint discovery letter, in which Defendant Contra Costa County ("the County") requests that the Court compel Plaintiff Retiree Support Group of Contra Costa County ("RSG") to designate a new witness to testify about all of the noticed matters contained in the County's deposition notice ("Notice") pursuant to Federal Rule of Civil Procedure ("Rule") 30(b)(6). Jt. Ltr., Dkt. No. 108. Having considered the parties' positions, relevant legal authority, and the record in this case, the Court issues the following order.

## II. BACKGROUND

RSG is a non-profit organization that promotes and protects the welfare, benefits, and interests of retired employees of the County and their dependents. Sec. Am. Compl. ("SAC") ¶¶ 3, 20. RSG alleges that the County promised the retirees that they would receive retiree health care benefits for themselves and their dependents if they met certain criteria, and that the County would pay for 80% or more of the costs of these benefits for the lifetime of the retirees. *Id.* ¶ 1. In exchange for the 80% promise, the retirees "gave up wage increases and other employment compensation and benefits," such as cost of living adjustments. *Id.* ¶¶ 1, 40.

On August 20, 2014, the County served RSG with its Notice, identifying 30 topics for examination and requesting the production of documents. Jt. Ltr., Ex. 1. On October 28, RSG

produced its Rule 30(b)(6) designee, Jack Funk, an RSG Board member. Jt. Ltr. at 1, 5. The County began initial meet and confer efforts with RSG at the end of the deposition based on the County's belief that Mr. Funk was an inadequate Rule 30(b)(6) designee. *Id.*, Ex. 2 at 316:19-323:12. On November 7, the County continued its meet and confer efforts by letter and requested that RSG produce a fully knowledgeable Rule 30(b)(6) witness. Jt. Ltr. at 1. The parties were unable to reach a resolution.

## III.  LEGAL STANDARD

Rule 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. A court "must limit the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## IV.  DISCUSSION

The County argues that Mr. Funk's testimony was inadequate and that RSG failed to undertake a good faith, conscientious effort to produce a knowledgeable or otherwise prepared

designee for the Rule 30(b)(6) deposition. Jt. Ltr. at 2. It points to Mr. Funk's testimony in response to questioning about the "specific retiree health benefits RSG seeks to enforce," to which Mr. Funk responded that he was unsure if those benefits included the cost of dental care, that he was unsure if the promise of those benefits was conveyed orally or in writing, and that the relevant timeframe "might be 1991 forward, but it would go back as well, it would seem to me." Jt. Ltr., Ex. 2 at 150:17-25; 152:13-23; 51:1-3. Similarly, when asked whether the 80% Promise" applied to employees enrolled in CalPERS, Mr. Funk testified that "it would depend on what the language was of the MOU. . . . It's possible, but I didn't review the percentages therein. . . . So maybe yes, maybe no. I'm not certain about." *Id.* at 251:15-23.

The County also argues that Mr. Funk admittedly made no efforts to become educated about the application of the "80% Promise" to unrepresented employees as he could not recall if he looked at the relevant resolutions and that the "notices were the factual basis and the factual basis is the content of the resolutions." *Id.* at 294:6-11; 296:11-21. Mr. Funk also testified that his only significant effort to become knowledgeable about these matters was his review of the deposition testimony of third party witness, Jim Hicks. *Id.* at 26:7-10; 29:19-25. Despite relying on this testimony, Mr. Funk undertook no efforts to confer with Mr. Hicks or any other witnesses. *Id.* at 18:9-19; 35:3-6. Finally, the County contends that Mr. Funk's inability to testify about the noticed matters was exacerbated by counsel's repeated blocking of testimony that sought the "factual basis" of the noticed matters. Jt. Ltr. at 3.

In response, RSG maintains that it complied with its duty to produce a knowledgeable or otherwise prepared designee, and what the County "is truly upset about are the inherent shortcomings of the discovery method it chose to pursue." *Id.* at 4. RSG argues that the Notice consists of discovery into the bases for its legal contentions and the allegations in the SAC, and that contention interrogatories are more appropriate for such discovery. *Id.* RSG notes that its central claim in this case is that the County promised to provide lifetime medical benefits to its retirees and to pay at least 80% of the monthly premiums for at least one health care plan, and that this promise is contained in the implied terms of express provisions of various Memoranda of Understanding ("MOUs") and County resolutions covering decades. *Id.* It argues that asking a

3

layperson to describe the underpinnings of these complex legal claims, such as whether he reviewed one resolution out of hundreds, is an ineffective way to obtain this information. *Id.* It maintains that "the only individuals with detailed knowledge of the basis for legal contentions and factual allegations in a complex legal matter are the attorneys who drafted the complaint and developed and are pursuing the legal theories." *Id.* RSG contends that a Rule 30(b)(6) deponent will have little to no first-hand knowledge on these subjects, and it can therefore produce only a "prepared designee." *Id.* at 4-5.

RSG notes that Mr. Funk spent 30-40 hours reviewing documents, including a compendium of the relevant portions of MOUs and salary resolutions covering more than 30 years, discovery responses, the transcript of the only fact deposition to date (of the chief labor negotiator), and meeting with RSG's counsel on three separate occasions. *Id.* at 5. However, even with these tens of hours of preparation, RSG maintains that it is unsurprising that he was unable to provide complete and detailed answers to every question covering 30 deposition topics and decades of negotiations. *Id.* Instead, RSG argues that this demonstrates not a lack of preparation, "but Defendant's choice to depose a retiree organization that relied on counsel to identify legal issues and litigate the case." *Id.*

Pursuant to Rule 30(b)(6), a party seeking the deposition of an organization must describe "with reasonable particularity" the subject matter of the deposition and allow the organization to designate any persons to testify on its behalf. Fed. R. Civ. P. 30(b)(6). A company served with a deposition notice has "a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 421, 425 (D. Kan. 2007) (quoting *Starlight Intern v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999)); *see also Gold v. Midland Credit Mgmt., Inc.*, 2014 WL 3371012, at *3 (N.D. Cal. July 9, 2014).

Here, having reviewed the scope of the County's Notice and Mr. Funk's deposition testimony, the Court cannot say that RSG breached its duty to make a good faith effort to produce a witness that was knowledgeable or otherwise prepared. The designee's role is to provide the

4

1   entity's interpretation of events and documents.  *United States v. Taylor*, 166 F.R.D. 356, 361

2   (M.D.N.C. 1996).  It is not expected that the designee have personal knowledge as to all relevant

3   facts; however, the designee must become educated and gain the requested knowledge to the

4   extent reasonably available.  *Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*,

5   390 F. Supp. 2d 479, 487 (D. Md. 2005).  While it appears that Mr. Funk made a good faith effort

6   to prepare for the deposition, it is clear that he was unable to testify on all issues raised.

7   Accordingly, RSG must provide further responses.

8         The Court agrees with RSG that, as an alternative to re-opening the deposition, the County

9   may be able to obtain the responses it seeks through contention interrogatories.  Many of the

10  deposition topics seek the factual basis of allegations in RSG's complaint.  Jt. Ltr., Ex. 1.  Rule 33

11  governs the use of contention interrogatories to discover such information.  Fed. R. Civ. P.

12  33(a)(2).  The purpose of contention interrogatories "is to narrow the issues that will be addressed

13  at trial and to enable the propounding party to determine the proof required to rebut the

14  respondent's position."  *Lexington Ins. Co. v. Commonwealth Ins. Co.*, 1999 WL 33292943, *7

15  (N.D. Cal. Sep. 17, 1999).  While courts are reluctant to allow contention interrogatories when the

16  responding party has not yet obtained enough information through discovery to respond, courts

17  recognize that contention interrogatories served after substantial discovery is complete may be

18  appropriate.  *See, e.g.*, *Tennison v. City & Cnty. of San Francisco*, 226 F.R.D. 615, 618 (N.D. Cal.

19  2005) (granting motion to compel responses to contention interrogatories where "discovery is

20  nearly complete, and hence Plaintiff is in a position to provide meaningful answers"); *Lexington*

21  *Ins. Co.*, 1999 WL 33292943, at *7 ("courts have also recognized that properly timed contention

22  interrogatories may in certain cases be the most reliable and cost-effective discovery device, which

23  would be less burdensome than depositions at which contention questions are propounded")

24  (internal quotation and citations omitted).

25        This case is been pending for nearly three years and discovery closes in one month.

26  Further, the County has already had the opportunity to complete a Rule 30(b)(6) deposition.  Thus,

27  it appears that sufficient discovery has concluded so that responses to contention interrogatories

28  will be useful and may provide the most cost-effective means for the County to obtain the

5

information Mr. Funk was unable to provide.  Contention interrogatories may also address RSG's concern that the complexity of this case makes a Rule 30(b)(6) deposition an ineffective way to obtain the information the County seeks.  Accordingly, the Court shall permit the County to serve contention interrogatories on RSG regarding the matters contained in the Rule 30(b)(6) deposition notice.

## V.  CONCLUSION

Based on the analysis above, the Court ORDERS as follows:

1) The County may serve on RSG contention interrogatories that address the noticed matters in the Rule 30(b)(6) deposition notice.  The County may include up to 30 interrogatories, which will not count toward the parties' stipulated interrogatories limit.  RSG shall respond to the interrogatories within 21 days of service.

2) If the County maintains that RSG's responses are inadequate and seeks a further Rule 30(b)(6) deposition, the parties shall meet and confer in compliance with the undersigned's Discovery Standing Order.  If unable to reach a resolution, which may include amended responses and/or a limited Rule 30(b)(6) deposition, the parties shall file an updated joint letter.

**IT IS SO ORDERED.**

Dated: December 18, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge