# EXHIBIT A

# PLAINTIFF'S AND DEFENDANT'S PROPOSED CORRECTIVE NOTICE

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## *Retiree Support Group of Contra Costa County v. Contra Costa County*
## Case Number CV 12-00944 (JST)

# CORRECTIVE NOTICE REGARDING CLASS ACTION SETTLEMENT

**A federal court has authorized this Notice.**

**This is not a solicitation from a lawyer.**

Dear Retiree,

Recently, you received in the mail a letter from AFSCME Retiree Chapter 57, signed by three of the chapter's officers: Nadine Peyrucain, Ruth Roe, and Richard Cabral ("AFSCME Retiree Letter"). That letter concerned the settlement of the lawsuit *Retiree Support Group of Contra Costa County v. Contra Costa County*, currently pending in U.S. District Court for the Northern District of California, Case Number 12-00944 JST.

That letter was not approved by the Court, and the Court has since determined that the letter contained several statements that were false and misleading. Accordingly, the Court has ordered that this letter be sent to correct the false and misleading statements in the AFSCME Retiree letter.

**The Court has ruled that <u>any opt-out forms sent in response to the AFSCME Retiree letter are invalid</u>. After reading this letter, <u>if you still wish to opt out of the settlement, you must take further action to opt out</u>. You cannot rely on the authorization you sent to AFSCME if you still want to opt out of or object to the Settlement.** The Court Notice you received in the mail provides instructions on how to opt out or object.  If you no longer have that Notice, you may view it on the Court-appointed Settlement Administrator's website: http://www.cccsettlement.simpluris.com or contact the Settlement Administrator to request a new copy at (888) 369-6079 or P.O. Box 26170, Santa Ana, CA 92799.

Here are the statements that the Court found were misleading:

1. The AFSCME Retiree Letter stated that the Settlement provides retirees with "NOTHING." This statement was false, and failed to take into account the benefits provided by the Settlement. These benefits include, among other things, a lifetime, legally enforceable guarantee that retirees and their eligible beneficiaries can participate in County plans, and that the County will provide specified minimum contributions to health insurance premiums for retirees and eligible dependents. The terms of the Settlement are explained in more detail in the official Notice from the Court. You can view the Notice and the full Settlement on the Settlement Administrator's website.

   The Settlement protects you against the risk that the County will reduce or stop making all contributions to your medical premiums. The AFSCME Retiree Letter stated that if you opt out of the settlement, there is no risk to your medical benefits because those benefits are "things that can never be changed or renegotiated." However, the dispute over whether this is true was one of the core issues in the lawsuit. Throughout the lawsuit, the County has maintained that it has no legally binding obligation to pay retiree medical benefits *at all*. This Court has not ruled on whether this is true under the law. If you opt out, there is a risk that the County may stop all contributions to your medical benefits. Opting out would mean that you have the right to file a lawsuit, but there is no guarantee that you would win.

2. The AFSCME Retiree Letter implied that the Settlement was the reason that the County does not and will not contribute to health insurance premiums for surviving spouses of deceased retirees. This is untrue. The only retirees whose surviving spouses receive County contributions towards medical premiums are retirees who get medical benefits through CALPERS. These retirees are not part of the class and are not affected by the Settlement. The Settlement does not change the way surviving spouses of class members are treated.

3. The AFSCME Retiree Letter implied that the Settlement was the reason that Medicare retirees are not pooled with active employees for the purposes of setting premiums. This is false. The County has never pooled Medicare retirees with active employees.

The AFSCME Retiree Letter stated that the County's contributions to your health care costs will never increase under the Settlement. This fails to mention that the County's contributions will increase for some retirees in the class under certain circumstances. Specifically:  (1) the County will increase its contributions to Medicare retirees' premiums by $25 per month in January 2021; and (2) retirees

with more than one eligible dependent will be entitled to a larger County contribution in the event that the County moves to a "three tier" system where retirees with two or more dependents have higher premiums than those with just one dependent.

In addition to the false and misleading statements in the letter, the Court found that the form sent with the AFSCME Retiree Letter was legally deficient and unclear. The form did not explain what it means to opt out of or object to the Settlement, and did not explain the difference between the two.

- If you opt out, you are no longer part of the class and you are not covered by the Settlement. You will not receive any of the benefits of the Settlement, and you will retain the ability to file your own lawsuit about your medical benefits should you choose to do so.

- If you object, *you are still a member of the class.* You will receive the protections of the Settlement if it is approved by the Court, and you will give up the right to file your own lawsuit about your medical benefits through the County. Objecting allows you to voice concerns about the Settlement to the Court, but it does not exclude you from the class and you will still be covered by the Settlement.

If, after receiving the corrected information in this letter, you still wish to opt out or object, you may do so by following the directions in the Notice you received from the Court. When doing so, please be sure to indicate whether you wish to opt out *or* to object.

**Dated:**_____          _____
                                            Honorable Jon S. Tigar
                                            United States District Judge