TEAGUE P. PATERSON, SBN 226659
LORRIE E. BRADLEY, SBN 309411
BEESON, TAYER & BODINE, APC
483 Ninth Street, 2nd Floor
Oakland, CA  94607
Telephone:    (510) 625-9700
Facsimile:    (510) 625-8275
Email:        lbradley@beesontayer.com

Attorneys for AFSCME Retiree Chapter 57

# UNITED STATES DISTRICT COURT CALIFORNIA

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# AT SAN FRANCISCO

| RETIREE SUPPORT GROUP OF CONTRA COSTA COUNTY, | Case No.  CV-12-00944-JST |
|---|---|
| Plaintiff, | **[PROPOSED]** PROTECTIVE ORDER |
| v. | |
| CONTRA COSTA COUNTY, | |
| Defendant. | |

WHEREAS, in accordance with the Court's order of July 29, 2016, AFSCME Retiree Chapter 57 ("Chapter 57") must provide a list of the recipients who received its letter to the Settlement Administrator; and

WHEREAS, the list of names and addresses of AFSCME Retiree Chapter 57's members is confidential information that Chapter 57 wishes to protect,

NOW THEREFORE, the parties hereto ("the Parties") have entered into the following Protective Order.

**1. Parties to the Agreement**

The Parties to this Agreement are Retiree Support Group of Contra Costa County, Contra Costa County, and Chapter 57.

PROTECTIVE ORDER
Case No.  CV-12-00944-JST                1

### 2. Compliance by Settlement Administrator

Retiree Support Group shall be responsible for conveying this Protective Order to the Settlement Administrator and ensuring that it will agree to comply with all relevant terms. When Retiree Support Group, or its counsel, has conveyed this Protective Order to the Settlement Administrator and ensured its agreement to comply with all relevant terms, Retiree Support Group, or its counsel, shall notify all other Parties. This notification may be made electronically via email.

### 3. Limitation on Use of Confidential Information

All Confidential Information produced to the Settlement Administrator shall be used solely for purposes of (a) mailing corrective notice pursuant to the Court's Orders of July 29, 2016 (ECF 199) and August 1, 2016 (ECF 202) and (b) implementing the procedure with regard to opt-outs referenced in Paragraph 1 of ECF 202, and not for any other purpose. The Confidential Information at issue is the list of names and addresses of Chapter 57's members who were sent a letter from Chapter 57 regarding the settlement in this case.

### 4. Permissible Use of Confidential Information

All Confidential Information produced to the Settlement Administrator is disclosed exclusively for the purpose of the Settlement Administrator using it for the purposes specified in Paragraph 3, above. The Settlement Administrator shall maintain the confidentiality of the information at all times. Disclosure of the Confidential Information to any other Party or outside entity is forbidden.

### 5. Destruction of Confidential Information

Upon the expiration of the period for an appeal of the judgment entered after the ruling on the Final Approval of the Settlement, the Settlement Administrator shall destroy the information provided to it by Chapter 57. Once the Settlement Administrator has destroyed the information, it shall certify to the Parties that it has destroyed the confidential information provided by Chapter 57.

This certification may be made electronically via email by a person with knowledge of the destruction of the information.

### 6. Disclosure of Confidential Information

If the Settlement Administrator or any Party learns that the Settlement Administrator has disclosed Confidential Information to any other person or entity, whether inadvertent or otherwise, that is not authorized to receive it, the Settlement Administrator must immediately notify the Parties of the unauthorized disclosure, use its best efforts to retrieve the unauthorized copies of the Confidential Information, inform the person or entity who received the Confidential Information of the terms of this Order and request that the person or entity agree to be bound by its provisions regarding confidentiality and destruction of Confidential Information.

### 7. Survival and Continuing Jurisdiction

This Order and each of its respective terms and conditions shall survive the termination of this action, whether by voluntary or involuntary dismissal, final judgment, exhaustion of the appellate process, or settlement, and shall continue in full force and effect thereafter.  The Court will retain jurisdiction after the termination of this action to enforce the terms of this Order.  Any Party may, on written notice to all other Parties, move for an order modifying, amending, or dissolving the terms of this Order.

By: *s/ Jeffrey Lewis*
Jeffrey Lewis, SBN 66587
*Attorneys for Plaintiffs and the Class*

By: *s/ Lorrie E. Bradley*
Lorrie E. Bradley, SBN 309411
*Attorneys for AFSCME Retiree Chapter 57*

By: *s/ Raymond F. Lynch*
Raymond F. Lynch, SBN 119065
*Attorneys for Defendant Contra Costa County*

1     PURSUANT TO STIPULATION, IT IS SO ORDERED, this the <u>3</u> day of August 2016.

3   Dated:  <u>August 3, 2016</u>                   _____

4                                      Honorable Jon S. Tigar
                                     United States District Judge

PROTECTIVE ORDER
Case No.  CV-12-00944-JST         4