Jeffrey Lewis (66587)
Jacob Richards (273476)
KELLER ROHRBACK L.L.P.
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 463-3900, Fax: (510) 463-3901
jlewis@kellerrohrback.com
jrichards@kellerrohrback.com

*Attorneys for Retiree Support Group*
*of Contra Costa County and the Putative Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RETIREE SUPPORT GROUP OF CONTRA COSTA COUNTY, ET AL.,<br><br>                              Plaintiffs,<br><br>        v.<br><br>CONTRA COSTA COUNTY,<br><br>                              Defendant. | No. CV 12-00944 (JST)<br><br>**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Date: Tuesday, October 25, 2016**<br>**Time: 2:00 p.m.**<br>**Judge: Jon S. Tigar**<br>**Courtroom: 9, 19th Floor** |

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

## NOTICE OF MOTION AND MOTION

TO DEFENDANT CONTRA COSTA COUNTY AND ITS COUNSEL OF RECORD AND ALL

OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT on October 25, 2016, at 2:00 p.m., in Courtroom 9 on the 19th

floor of this Court located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs

Retiree Support Group of Contra Costa County, Michael Sloan, Deborah Elite, Susanne Beadle, Billie

Joe Wilson Elkin, Alyn D. Goldsmith, and Alice Grothmann ("Plaintiffs") will move and hereby move

the Court for an order granting the following relief:

1.  Confirming as final the certification of the Settlement Class under FRCP 23, defined as

follows:

> All eligible Contra Costa County retired employees receiving County retiree health
> benefits who retired on or before December 31, 2015 except for Excluded Retirees as
> defined below. The Class includes a) eligible retirees of Board of Supervisors governed
> special districts who are in County Health Plans and do not receive health care coverage
> under the Public Employees' Medical and Health Care Act, Government Code § 22751,
> et. seq., ("PEMHCA") and b) eligible retirees from the Contra Costa County Superior
> Court who were County employees at the time of retirement and who are in County
> Health Plans and do not receive health care coverage under PEMHCA.
>
> Excluded from the class are any Retirees from the County who were represented at the
> time they retired by the California Nurses Association ("CNA"), or by the Physicians'
> and Dentists' Organization of Contra Costa ("PDOCC"), and Retirees from the County
> who are receiving health care coverage under PEMHCA.

2.  Confirming as final the appointment of Plaintiffs Michael Sloan, Alyn D. Goldsmith,

Deborah Elite, Billie Joe Wilson Elkin, Susanne Beadle, and Alice Grothmann as the class

representatives of the certified Settlement Class pursuant to Fed. R. Civ. P. 23;

3.  Approving the Parties' class action Settlement as fair, reasonable, and adequate, and

binding on all Class Members;

4.  Making findings of fact and stating conclusions of law in support of the foregoing; and,

1         5.     Directing the entry of judgment in accordance with the Parties' Settlement Agreement,

2  pursuant to Fed. R. Civ. P. 54 and 58, binding the County and all Class Members who have not opted

3  out of the Settlement Agreement.

4        This Motion is based on the following Memorandum of Points and Authorities; the Parties'

5  Settlement Agreement (previously filed at ECF 138-3), the Proposed Order filed herewith, the

6  Declarations of Jacob Richards, Douglas Pipes, and Alice Grothmann, the other records and pleadings

7  filed in this action, and upon such other documentary and oral evidence or argument as may be presented

8  to the Court at the hearing of this Motion.

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................ 1

II.  FACTUAL AND PROCEDURAL HISTORY ................................ 3

    A.  Investigation, Negotiations and Settlement ....................... 3

    B.  The Terms of the Settlement ........................................ 4

    C.  The Court Certified the Class for Settlement Purposes and Granted Preliminary Approval to the Settlement Agreement ................... 7

    D.  Settlement Administration ............................................ 8

        1.  Class Notice ...................................................... 8

        2.  Plaintiffs' Supplemental Efforts to Inform Class Members About the Settlement ............................................. 8

        3.  Organized Opposition By AFSCME Retiree Chapter 57 and Its Officers ................................................... 9

        4.  Only Slightly More Than One Percent of Class Members Opted Out ................................................... 10

        5.  Only One Objection Was Filed with the Court ................ 10

III.  DISCUSSION ................................................................ 11

    A.  Final Confirmation of Class Certification is Appropriate ........... 11

    B.  Final Settlement Approval is Appropriate ......................... 11

        1.  The settlement is entitled to a strong presumption of fairness ........ 12

        2.  The settlement is fair, reasonable, and adequate ................ 13

            a.  The strength of Plaintiffs' case and the risk of maintaining class action status throughout the trial ................ 13

            b.  The risk, expense, complexity, and likely duration of further litigation .......................................... 14

            c.  The Settlement agreement provides benefits of substantial economic value for Class Members ...................... 15

            d.  Extent of discovery and investigation completed ............ 15

            e.  Experience and views of counsel ........................... 16

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

           f.      Class Members' reactions to the proposed Settlement ............... 16

    C.     RSG's Letter to Individuals Who Submitted Opt-Out Forms Was Proper......... 17

IV.    CONCLUSION........................................................................................... 18

**KELLER ROHRBACK L.L.P.**
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

# TABLE OF AUTHORITIES

**Cases**

*Churchill Vill., L.L.C. v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004) ...................................................................................................2

*Clesceri v. Beach City Investigations & Protective Serv., Inc.*,
  2011 WL 320998 (C.D. Cal. Jan.27, 2011) .........................................................................16

*Garner v. State Farm Mut. Auto. Ins. Co.*,
  No. 08-1365, 2010 WL 1687832 (N.D. Cal. Apr. 22, 2010).................................................17

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ...............................................................................................2

*In re Omnivision Tech., Inc.*,
  559 F.Supp.2d 1036 (N.D. Cal. 2008) ..................................................................................12

*In re Syncor Erisa Litig.*,
  516 F.3d 1095 (9th Cir. 2008) ..............................................................................................12

*Linney v. Cellular Alaska Partnership*,
  151 F.3d 1234 (9th Cir. 1998) ..............................................................................................15

*M & G Polymers USA, LLC v. Tackett*,
  135 S. Ct. 926 (2015)...........................................................................................................14

*Morales v. Stevco, Inc.*,
  No. 09-00704, 2011 WL 5511767 (E.D. Cal. Nov. 10, 2011)........................................15, 16

*Nat'l Rural Telecomm. Cooperative v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) ..........................................................................................17

*Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco*,
  688 F.2d 615 (9th Cir. 1982) ..........................................................................12, 13, 15, 17

*Retired Employees Ass'n of Orange Cty., Inc. v. Cty. of Orange*,
  742 F.3d 1137 (9th Cir. 2014) ..............................................................................................14

*Retired Employees Ass'n. of Orange Cty., Inc. v. Cty. of Orange ("REAOC")*,
  52 Cal. 4th 1171, 266 P.3d 287 (2011) ...........................................................................13, 14

*Torrisi v. Tucson Elec. Power Co.*,
  8 F.3d 1370 (9th Cir. 1993) ..................................................................................................13

*Trew v. Volvo Cars of N. Am., LLC*,
  No. 05-1379, 2007 WL 2239210 (E.D. Cal. Jul. 31 2007).............................................12, 13

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

*Wren v. RGIS Inventory Specialists*,
    No. 06-05778, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ........................................................12, 13

**Statutes**

Public Employees' Medical and Health Care Act, Government Code § 22751 ......................................2, 4

**Rules**

Fed. Rules Civ. P. 23 ...........................................................................................................................2, 7, 11

Fed. Rules Civ. P. 23(a) ......................................................................................................................2, 7, 11

Fed. Rules Civ. P. 23(b)(3) .............................................................................................................2, 3, 7, 11

Fed. Rules Civ. P. 23(e) .................................................................................................................................1

Fed. R. Civ. P. 23(e)(2) ...............................................................................................................................11

Fed. Rules Civ. P. 23(g) ...........................................................................................................................7, 9

Fed. R. Civ. P. 54 ...........................................................................................................................................3

Fed. R. Civ. P. 58 ...........................................................................................................................................3

**KELLER ROHRBACK L.L.P.**
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

# I.    INTRODUCTION

In this class action lawsuit, Plaintiffs request that pursuant to Rule 23(e) of the Federal Rules of Civil Procedure the Court grant final approval of the Parties' settlement of Plaintiffs' claims pleaded in the Third Amended Complaint. The Settlement, which provides a lifetime guarantee of subsidized health insurance to Class Members, is "fair, reasonable, and adequate" within the meaning of Rule 23(e). Class Members receive considerable protections under the Settlement, which guarantees them a lifetime right to participate in health plans offered by Defendant Contra Costa County ("the County"), as well as a lifetime guarantee that the County will continue to subsidize Class Members' premiums for these plans at certain specified levels. The Settlement additionally provides protections for spouses and dependents of Class Members who are entitled to participate in County-sponsored health plans.

The Settlement satisfies the Ninth Circuit's standards for approval. This case presents complex legal and factual issues that have resulted in vigorously conducted litigation over the course of almost four years. Plaintiffs' counsel conducted extensive informal and formal discovery. There was also active motion practice in the case, with Defendant filing motions to dismiss in 2012 and 2013. It is uncertain whether Plaintiffs would ultimately prevail on liability through summary judgment, trial, or appeal. Even if Plaintiffs did prevail on liability in the face of Defendant's argument that the Class Members have no vested rights at all, it is uncertain what, if any, level of benefits any final judgment would provide for retirees and their dependents. Pursuing this case through trial, and the appeal of any trial victory or loss, would require the expenditure of substantial resources and would take a significant period of time. During that time, the costs of medical benefits likely would rise, thereby subjecting the Class Members to the risk of the County further reducing or eliminating the amounts of its subsidies for those benefits, and burdening retirees, who live on fixed incomes, with additional expenses for premiums payments.  Weighing the risks and time and expense of continued litigation against the substantial benefits afforded now by the proposed Settlement, the proposed Settlement Agreement (ECF

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

138-3) is in the best interests of the Class. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575-76 (9th Cir. 2004) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

With only a few exceptions, the response of Class Members to the proposed Settlement has been favorable. Only one Class Member has objected to the Settlement. Of the 4,274 Class Members, just 65 – or 1.52% – indicated a desire to opt out of the Class. Of these, eight submitted timely revocations of their opt-outs, and four more indicated after the opt-out period that they wished to revoke. After the timely revocations, the valid opt-outs account for just 1.33% of the Class, a number that would be lower still if the late revocations are counted. These numbers, which are notably low for any settlement, are particularly striking in light of the vehement and often misleading opt-out campaign pursued by a small number of Class Members and AFSCME Retiree Chapter 57 (together, "AFSCME Retiree Group"). As this Court is aware, many Class Members received communications from the AFSCME Retiree Group that contained false and misleading statements suggesting that the Settlement provided no benefits. The extremely low opt-out rate in the face of such organized and misleading opposition to the Settlement demonstrates that the overwhelming majority of Class Members, once provided with accurate information, view the Settlement favorably.[1] This factor too weighs in favor of final Settlement approval.

In connection with requesting final Settlement approval, Plaintiffs also request that the Court: (1) confirm as final the certification of the Class under Fed. Rules Civ. P. 23(a) and 23(b)(3); (2) confirm as final the appointment of Plaintiffs Sloan, Goldsmith, Elite, Elkin, Beadle, and Grothmann as the class representatives of the conditionally certified Class, and of Keller Rohrback L.L.P., as counsel for the Class; and (3) enter the Proposed Order in the form submitted herewith and enter judgment.

---

[1] As explained below, the AFSCME Retiree Group's last-ditch complaint about a communication from Plaintiff Retiree Support Group ("RSG") to certain Class Members who filed opt-outs is frivolous.

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

## II.    FACTUAL AND PROCEDURAL HISTORY

**A.    Investigation, Negotiations and Settlement**

As described more fully in the Memorandum of Points and Authorities in support of Plaintiffs'

Motion for Leave to File Third Amended Complaint, to Conditionally Certify Settlement Class, for

Preliminary Approval of Settlement, for Approval of the Form and Method of Class Notice, for

Appointment of Counsel for the Class, for Appointment of Settlement Administrator, and Setting a Date

for the Final Approval Hearing ("Preliminary Approval Motion"), ECF 137, the Parties engaged in

extensive litigation over the course of nearly four years, including active motion practice and discovery.

Early in the case, the parties litigated two separate motions to dismiss. Class Counsel conducted a

detailed factual investigation of the claims at issue in this case, interviewing more than thirty individuals

with key knowledge, including former Members of the County Board of Supervisors, former high-level

managers, and union negotiators. Declaration of Jeffrey Lewis, ECF 138 ("Lewis Decl."), ¶ 16. The

Parties also engaged in extensive formal discovery, including responding to written discovery requests,

production of documents (Defendant produced over 300,000 pages of documents in response to

Plaintiffs' requests), and taking or defending a total of six depositions in this case. *Id.*, at ¶¶ 13-15.

On July 30, 2015 and August 13, 2015, the Parties participated in a mediation presided over by

the Honorable Ronald M. Sabraw. Lewis Decl. ¶ 18. At the time of the mediation, the Parties were fully

familiar with the facts and law in the case and the strengths and weaknesses of the class claims. At the

conclusion of the second day of mediation, the Parties reached agreement as to most major issues.

However, it took more than two months of additional negotiations (with the continued assistance of

Judge Sabraw) to reach agreement on the remaining issues and enter into an Interim Preliminary

Agreement.  This was followed by several more months of negotiations over the terms of a full

Settlement Agreement.  *Id.* ¶¶ 19-20. Once the parties had reached a final agreement, the terms of the

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

Settlement were approved first and overwhelmingly by the membership of Plaintiff Retiree Support Group and later by the County Board of Supervisors. Lewis Decl. ¶¶21-22, and Exhs. 1 and 2 thereto.

## B.    The Terms of the Settlement

**Retirees Covered by Settlement.** The Settlement Agreement covers a Class of over 4,200 retired former County employees.  ECF 138-3.[2] As discussed further below, the proposed definition of the Class is:

> All eligible County retired employees receiving County retiree health benefits who retired on or before December 31, 2015 except for Excluded Retirees as defined below. The Class includes a) eligible retirees of Board of Supervisors governed special districts who are in County Health Plans and do not receive health care coverage under the Public Employees' Medical and Health Care Act, Government Code § 22751, et. seq., ("PEMHCA") and b) eligible retirees from the Contra Costa County Superior Court who were County employees at the time of retirement and who are in County Health Plans and do not receive health care coverage under PEMHCA.

> Excluded from the Class are County retirees who were represented at the time they retired by the California Nurses Association ("CNA") or by the Physicians' and Dentists' Organization of Contra Costa ("PDOCC"), and County retirees who are receiving health care coverage under PEMHCA. These retirees are excluded from the Class because the County has either not reduced its contributions to their health care benefits, or did not reduce its contributions at the same time and in the same manner as it did for Class Members.[3]

> For retirees who fall within the above Class definition and who have not opted out of the Settlement, the Settlement agreement provides the following:

**Medical Benefits for Non-Medicare Eligible Retirees.** For retirees and dependents who are not yet Medicare-eligible, the Settlement Agreement provides that they shall, until they become Medicare-

---

[2] See also Simpluris Declaration, to be filed October 13, 2016.

[3]  The Final Approval Order, if approved by the Court, will dismiss with prejudice any claims alleged by RSG for and on behalf of the County employees represented by CNA and PDOCC at the time of retirement, and retired County employees who participate in PEMHCA health plans ("the Excluded Retirees").  Settlement Agreement ¶ 10.2. It does not foreclose the Excluded Retirees from bringing their own claims. The County denies any liability to the Excluded Retirees.

eligible, have access to the same health plans and plan providers as the County provides for active County employees at any given time.  Settlement Agreement ¶ 6.1.1. These retirees and dependents will remain blended with active County employees for purposes of rate setting, and at all times will have the same premiums, co-pays, and deductibles as active employees as applicable in plans provided by the County for employees at any applicable point in time. *Id.* ¶ 6.1.2.  This blending is highly favorable to retirees who are not yet Medicare-eligible because if premiums were set for them separately, their relatively advanced ages (compared to the age range of the group including them and actives) would result in higher premiums.  The County will pay up to a Maximum Fixed Monthly Premium for health plans pursuant to Exhibit 2 to the Settlement Agreement until the retirees in this group become Medicare-eligible.  Exhibit 2 sets forth specific dollar maximums that the County will pay up to towards coverage by health plan provider, plan, and tier.[4] *Id.* ¶ 3.17 and Exh. 2 thereto.  In fact, it provides that for some retirees for whom the County in 2011 froze the premium subsidy at a level higher than the current premium costs, the County will still pay up to the Maximum Premium Subsidy stated in Exhibit 2 less $.01, as the premium cost for those plans rises.   These under age-65 Retirees will also maintain their dental coverage subsidized at rates set forth in Exhibit 2. *Id.* ¶ 6.1.7.

The proposed Settlement Agreement provides an additional potential benefit to those of the pre-Medicare retirees with more than one dependent.  Currently, the County and the health plans through which it provides benefits use two "tiers" for the purpose of setting health insurance premiums for non-Medicare retirees: retiree only, and retiree plus one or more family members. *Id.* ¶ 3.40. If and when the County moves to a three tier system -- retiree, retiree plus one dependent, and retiree plus two or more dependents -- the Maximum Fixed Monthly Premium for the "retiree plus two or more dependents" tier shall be the Maximum Fixed Monthly Premium for the current "retiree plus family" tier plus $150. *Id.* ¶

---

[4] In the event that the health plan premium for a particular plan year is less than the Maximum Fixed Monthly Premium set forth in Exhibit 2, the County will pay 100% of the premium minus one cent. *Id.* ¶ 3.17.

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

6.1.6.  In other words, if the County moves to the commonly used three-tier system, causing higher premiums for retirees with two or more dependents, those retirees will receive an additional $150 per month subsidy.[5]

When the retirees in this group become eligible, they will be covered by the provisions for Medicare-eligible retirees, discussed below. *Id.* ¶¶ 6.1.3 and 6.2.

For historical reasons, a limited number of retirees, whose names are set forth on Exhibit 1 to the Settlement Agreement, were not required to enroll in Medicare**.** For these individuals, the County will continue to pay the Maximum Fixed Monthly Premium for their lifetime unless they enroll in Medicare. *Id.* ¶ 6.6.3.

**Medical Benefits for Medicare-Eligible Retirees.** Medicare-eligible retirees and Medicare-eligible dependents shall have access at all times to the same health care providers as active County employees at any applicable point in time, but to those providers' Medicare supplemental and Coordination of Benefits health plans offered by the County. *Id.* ¶ 6.2.1. The County shall contribute to the cost of these plans up to the Maximum Fixed Premium Subsidy set forth in Exhibit 2 for the lifetime of these Class Members, except that the Maximum Fixed Premium Subsidy will increase by $25 for Medicare retirees with no dependents and for Medicare retirees with all dependents on Medicare effective January 1, 2021. *Id.* ¶ 6.2.2 and 6.2.3.  At present, many Medicare-eligible retirees and dependents pay only $.01 for their coverage through the County (*id.* at Exhibit 2), but this provision of the Settlement will provide some additional protection if rates for that coverage rise.  Medicare-eligible retirees and dependents also will maintain their dental coverage subsidized at the rates set forth in Exhibit 2. *Id.* ¶ 6.2.4.

---

[5] Under a two-tier system, retirees with one dependent (e.g., a spouse) and those with two or more dependents (e.g. a spouse and one or more minor children) pay the same rate.  Under a three-tier system, those with two or more dependents will pay higher rates as a result of being unblended with those with only one dependent.  The Settlement Agreement provides that the County will increase its contribution for this third tier, while not reducing the County's contributions for the first two tiers.

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

**Medical Benefits for Survivors of County Retirees.** Consistent with the County's current and historical practice, the County shall not pay a premium subsidy for any health plan for any survivor of a deceased retiree. *Id.* ¶ 6.3.1. Survivors, however, shall be eligible to participate in County plans at their own expense, including Medicare plans, so long as they maintain continuous enrollment in qualified plans. *Id.* ¶ 6.2.2 and 6.2.3. This will enable them to benefit from the group premium rates negotiated by the County for employees and retirees.

**No Shifting of Fees and Costs.** Under the Settlement Agreement, each of the parties shall bear all of their own attorneys' fees and costs. *Id.* ¶ 26. There is no provision for service payments to any named Plaintiff.

**Release of Claims.** Under the terms of the Settlement Agreement, all Class Members who do not opt out will, by operation of the entry of the Judgment and Final Approval, fully and finally release the County from all claims alleged in the Complaint and the lawsuit, and from any and all other claims that could have been brought based on the facts alleged in the Third Amended Complaint as is more fully set forth in the Settlement Agreement. *Id.* ¶ 12.

## C.     The Court Certified the Class for Settlement Purposes and Granted Preliminary Approval to the Settlement Agreement

On June 14, 2016, the Court granted Plaintiffs' Preliminary Approval Motion. Order Granting Leave to File Third Amended Complaint, Conditionally Certifying Settlement Class, and Preliminarily Approving Settlement, ECF 169. The Court's Order: (1) granted leave to file the Third Amended Complaint; (2)  determined that the requirements of Rule 23 were satisfied for purposes of certifying class for settlement purposes under Rule 23(a) and Rule 23(b)(3); (3) appointed Plaintiffs Sloan, Elite, Beadle, Elkin, Goldsmith, and Grothmann as Class representatives under Rule 23; (4) appointed Plaintiffs' attorneys as Class Counsel under Rule 23(g); (5) preliminarily approved the Settlement; (6) ordered that notice of the Settlement be directed to the Class in the form and manner proposed by the Parties; and (7) appointed Simpluris as Settlement Administrator. A subsequent Order set October 25,

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

2016, at 2:00 p.m. as the time for the Fairness Hearing. ECF 179.  The Third Amended Complaint was filed on June 15, 2016.  ECF 171.

**D.      Settlement Administration**

**1.      Class Notice**

Pursuant to the Court's June 14, 2016 Order granting preliminary approval, the Settlement Administrator mailed the approved Class Notice to putative Class Members identified by the County on July 8, 2016. As required by the Settlement and the Court's Order, the Settlement Administrator searched for more recent addresses, took all reasonable steps to obtain correct addresses for Class Members whose Notices were returned undeliverable, and re-mailed Notices to Class Members for whom new addresses were located. The Settlement Administrator also established a website and toll-free phone number to respond to Class Members' questions regarding the Settlement.[6]

**2.      Plaintiffs' Supplemental Efforts to Inform Class Members About the Settlement**

In order to address any questions from Class Members, Class Counsel set up a toll-free number and a website that were both listed in the Court-approved Class Notice. Declaration of Jacob Richards, filed herewith, ("Richards Decl.") ¶ 4. Through the toll-free number and other direct calls, Class Counsel spoke with seventy-eight different individuals over the course of the opt-out period. *Id.* ¶ 5. In these calls, Class Counsel explained the general terms of the Settlement, addressed questions about how the Settlement applied to the callers' specific situations, and answered questions about the multiple letters Class Members received in the mail during this period. *Id.* ¶ 6. Twenty-five callers expressed a wish to stay in the Class after having submitted opt-out forms.[7] *Id.* ¶ 7.

---

[6] Consistent with the Court's order, Settlement Administrator Simpluris will file a declaration attesting to these facts by no later than October 13, 2016.

[7] In some of the cases, the submitted forms were automatically invalidated by the Court's July 29, 2016 order. ECF 199.

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

Not every caller gave an indication of their opinion of the Settlement; many simply requested information. *Id.* ¶ 8. Of the thirty-nine who did express an opinion, however, thirty-seven expressed a favorable opinion, while two expressed mixed opinions. *Id.*

### 3.   Organized Opposition By AFSCME Retiree Chapter 57 and Its Officers

As the Court is aware, this Settlement was the subject of an organized opt-out campaign conducted by three Class Members – Richard Cabral, Nadine Peyrucain, and Ruth Roe – and the organization they lead – AFSCME Retiree Chapter 57. Around the time the Court-approved Class Notice was sent to Class Members, this AFSCME Retiree Group sent a letter to over 600 Class Members urging them to opt out of the Settlement. The Court later found that this letter contained numerous false and misleading statements, and ordered a corrective notice to be sent to the affected Class Members. ECF 199. This corrective notice was mailed on August 8, 2016.[8] The Court also ruled that any opt-outs submitted on the form distributed with the AFSCME Retiree Letter were invalid.  ECF 199.

Even after the corrective notice went out, the AFSCME Retiree Group continued its efforts to urge Class Members to opt out of the Settlement. In late August, AFSCME Retiree Chapter 57 sent out a notice of the group's annual convention and luncheon. Declaration of Alice Grothmann, filed herewith, ¶ 3 and Exh. A thereto. With the invitation to this event, however, they enclosed a letter urging Class Members to opt out of the Settlement and instructions for how to do so, even enclosing a form to make it easier for Class Members to opt out. *Id.* Nearly 85% of the 65 opt-outs Simpluris subsequently received were on the AFSCME Retiree Group form.[9]

---

[8] See Simpluris Declaration, to be filed October 13, 2016.
[9] See Simpluris Declaration, to be filed October 13, 2016.

Keller Rohrback L.L.P.
300 Lakeside Drive, Suite 1000, Oakland, CA 94612

**4.      Only Slightly More Than One Percent of Class Members Opted Out**

Despite this concerted campaign by the AFSCME Retiree Group, in the end just over 1% of Class Members elected to opt out of the Settlement. Class Members who wished to opt out were required to submit a written and signed request for exclusion by the deadline specified the Class Notice, September 6, 2016. ECF 169 at 14.

The Settlement Administrator received a total of 65 requests to opt out of the Class – a number representing 1.52% of the Class. Ultimately, however, eight individuals submitted timely requests to revoke their opt-outs, reducing the number of valid opt-outs to 57, or 1.33%. In addition, since September 6, one individual has sent to the Settlement Administrator an indication that she also wishes to revoke her opt-out so that she may receive the protections of the Settlement. Richards Decl. ¶ 9. Three other individuals have indicated an intent to do the same. *Id.* ¶ 10. In light of the confusing information these individuals received from the AFSCME Retiree Group, Plaintiffs respectfully request that the Court honor any late requests to revoke opt-outs submitted prior to the hearing on this Motion. Defendant does not oppose this request.

**5.      Only One Objection Was Filed with the Court**

Class Members who wished to object to the Settlement could do so by submitting written objections to the Court by September 6, 2016, the deadline specified in the Class Notice. Only one Class Member submitted an objection to the Court. ECF 209. This Class Member had previously been unaware of the fact that the County had frozen contributions to Class Members' health insurance premiums in 2011. She objected that permitting the County to enact such a freeze was unfair to retirees on a limited budget, particularly in light of ever-increasing premium costs. Plaintiffs are sympathetic to this concern; it is exactly what motivated them to file this lawsuit in 2012. In light of the past four years of litigation, however, Plaintiffs have come to the conclusion that the Settlement is in the best interests

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

of the Class in light of the evidence in the case and their likelihood of prevailing on the merits at summary judgement, trial, and appeal.[10]

Again, in light of the concerted campaign to undermine the Settlement, the fact that only one Class Member submitted an objection to the Court weighs in favor of final approval.

### III.      DISCUSSION

**A.      Final Confirmation of Class Certification is Appropriate**

The Court's June 14, 2016 Order certified the Class for settlement purposes under Rule 23(b)(3) of the Federal Rules of Civil Procedure, appointed Plaintiffs Sloan, Elite, Beadle, Elkin, Goldsmith, and Grothmann as the representatives for the Class, and appointed Plaintiffs' attorneys as Class Counsel. ECF 169. The Court found, for purposes of settlement, that the Class meets all of the requirement for maintenance of a class action under Rule 23(a) and Rule 23(b)(3). *Id.*

Notice of the class action was directed to all Class Members in a form and manner that complied with Rule 23. *See supra* § II.D. As discussed above, there have been a minimal number of opt-outs despite a concerted campaign to solicit them, and only one objection filed by a Class Member. Nothing in the objection calls into question the appropriateness of class certification in this action.

For these reasons, and for the reasons set forth in Plaintiffs' Preliminary Approval Motion, ECF 137, the Court should confirm the certification of this action as a settlement class action and the appointment of Plaintiffs Sloan, Elite, Beadle, Elkin, Goldsmith, and Grothmann as the Class Representatives and of Keller Rohrback L.L.P., as Class Counsel.

**B.      Final Settlement Approval is Appropriate**

In order to approve a Settlement that would bind Class Members, the Court must find, after notice and a hearing, that the proposed Settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

---

[10] The objector also raised a number of concerns about promises the County had made to her upon her retirement that it later broke. These other promises are unrelated to her health and dental benefits.

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

"[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor Erisa Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). "Despite the importance of fairness, the court must also be mindful of the Ninth Circuit's policy favoring settlement, particularly in class action law suits." *In re Omnivision Tech., Inc.*, 559 F.Supp.2d 1036, 1041 (N.D. Cal. 2008). While "[t]he court must find that the proposed settlement is fundamentally fair, adequate, and reasonable," *id.*, at 1040, "the court's inquiry is ultimately limited 'to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties.' . . . The court, in evaluating the agreement of the parties, is not to reach the merits of the case or to form conclusions about the underlying questions of law or fact." *Id.* at 1041 (citation omitted) (quoting *Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)).

### 1.    <u>The settlement is entitled to a strong presumption of fairness</u>

"When seeking final approval, plaintiffs may establish a presumption of fairness by demonstrating: '(1) [t]hat the settlement has been arrived at [through] arm's-length bargaining; (2) [t]hat sufficient discovery has been taken or investigation completed to enable counsel and the court to act intelligently; (3) [t]hat the proponents of the settlement are counsel experienced in similar litigation; and (4) [t]hat the number of objectors or interests they represent is not large when compared to the class as a whole." *Trew v. Volvo Cars of N. Am., LLC*, No. 05-1379, 2007 WL 2239210, *2 (E.D. Cal. Jul. 31 2007) (quoting Alba Conte and Herbert B. Newberg, Newberg on Class Actions § 11:41 (2006)); *see Wren v. RGIS Inventory Specialists*, No. 06-05778, 2011 WL 1230826, *6 (N.D. Cal. Apr. 1, 2011) (initial presumption of fairness is usually established if settlement is recommended by class counsel after arm's-length bargaining).

In this case, as discussed more extensively in Plaintiffs' Preliminary Approval Motion, ECF 137 at 18-22: (1) Class Counsel are highly experienced in employee benefits litigation; (2) Plaintiffs (and

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

Defendant) conducted extensive discovery, investigation, and motion practice that allowed Class

Counsel to act intelligently in negotiating and recommending the Settlement; and, (3) the Parties arrived

at the Settlement through arms-length bargaining involving competent and experienced counsel and a

respected retired judge as mediator. In addition, there has been only one objection to the Settlement

filed.

For these reasons, there is a strong presumption that the proposed Settlement is fair to the Class.

*Trew*, 2007 WL 2239210 at *2; *see Wren*, 2011 WL 1230826 at *6.

### 2.   The settlement is fair, reasonable, and adequate

The Ninth Circuit has identified several factors the district court should consider, as applicable,

in reaching its determination of whether a proposed class action settlement is fair, reasonable, and

adequate.

> The district court's ultimate determination will necessarily involve a
> balancing of several factors which may include, among others, some or all
> of the following: the strength of plaintiffs' case; the risk, expense,
> complexity, and likely duration of further litigation; the risk of
> maintaining class action status throughout the trial; the amount offered in
> settlement; the extent of discovery completed, and the stage of the
> proceedings; the experience and views of counsel; the presence of a
> governmental participant; and the reaction of the class members to the
> proposed settlement.

*Officers for Justice*, 688 F.2d at 625. "This list is not exclusive and different factors may predominate in

different factual contexts." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993).

All the relevant factors identified by the Ninth Circuit weigh in favor of settlement approval in

this case.

### a.   The strength of Plaintiffs' case and the risk of maintaining class action status throughout the trial

While Plaintiffs believe that they have meritorious claims, they are also cognizant of the

significant risks of further litigation. In denying the County's motion to dismiss, this Court relied in

significant part on *Retired Employees Ass'n of Orange Cty., Inc. v. Cty. of Orange ("REAOC")*, 52 Cal.

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

4th 1171, 266 P.3d 287 (2011), in which the California Supreme Court held – in opining on a certified question from the Ninth Circuit – that a vested lifetime right to retiree medical benefits may be created by an implied term of a county resolution or ordinance. ECF 70 at 5. On remand, however, the district court in *REAOC* found that the plaintiffs in that case had failed to raise a genuine issue of material fact regarding the alleged implied contract to continue including retirees in the same risk pool as active employees for the purposes of setting health plan premiums, a decision that was upheld by the Ninth Circuit. *Retired Employees Ass'n of Orange Cty., Inc. v. Cty. of Orange*, 742 F.3d 1137 (9th Cir. 2014). *See also M & G Polymers USA, LLC v. Tackett*, 135 S. Ct. 926 (2015) (reversing district court and court of appeals decisions holding that retirees had vested rights to medical benefits based on collective bargaining agreements). While Plaintiff RSG believes that the facts in this case are stronger than those in *REAOC*, the decisions in that case highlight the challenges of adducing sufficient facts to support a claim for an implied contract term creating a vested lifetime right to retiree medical benefits.

**b.     The risk, expense, complexity, and likely duration of further litigation**

In addition to the risks associated with providing sufficient factual proof of the claims in dispositive motions or at trial, Plaintiff RSG is mindful of the significant cost and duration of continued litigation. While the Parties have conducted extensive discovery in this action, if the litigation were to go forward the Parties would incur the expense of further discovery, including additional depositions. Lewis Decl. ¶ 24. Further, the Parties would need to expend considerable time and expense on dispositive motions, and possibly on a trial and/or an appeal.   During that time, the Class Members' payments for medical coverage might well increase given the well-publicized historical rise in medical insurance premiums.  Given that retirees generally live on fixed incomes, this would cause hardship for many of them, and some might even be forced to drop medical coverage, which could lead to harm that would not be remediable by recovery of damages thereafter.

The Settlement Agreement provides a substantial and immediate benefit to the Class which is "preferable to lengthy and expensive litigation with uncertain results." *Morales v. Stevco, Inc.*, No. 09-00704, 2011 WL 5511767 at *10 (E.D. Cal. Nov. 10, 2011).

Taken together, these considerations support approval of the Settlement.

### c. The Settlement agreement provides benefits of substantial economic value for Class Members

The Settlement Agreement provides lifetime subsidized medical benefits to retirees, a result that amounts to a significant economic benefit to Class Members over the course of their lives. In addition, retirees' dependents will receive subsidized medical benefits for the lifetime of the retiree (or until such a time as they cease to be dependents). Eligible dependents, if they outlive the retiree, become Survivors and retain access to favorable premium rates under County health plans at their own expense. Depending on the plan selected, family size, and Medicare eligibility, retirees will receive significant monthly subsidies. Settlement Agreement Exh. 2 (ECF 138-3). Some retirees will pay just a cent per month towards their medical plan premiums. *Id.* The subsidies provided under the Settlement Agreement provide a reasonable compromise when compared to the terms of the 80% Promise alleged in the Complaint: for 2016, the Maximum Fixed Monthly Premium Subsidies represent approximately 71.9% of premiums for the least expensive plan offered by the County. *Id.* Class Members are not required to take any action to receive the protections of the Settlement.

Given the procedural, liability, and damages hurdles facing Plaintiffs, this Settlement is very favorable to the Class. *See, e.g.*, *Officers for Justice* 688 F.2d 615, 624 ("Of course, the very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes").

### d. Extent of discovery and investigation completed

This factor examines the extent of discovery the Parties have completed and the current stage of the litigation to evaluate whether "the parties have sufficient information to make an informed decision about settlement." *Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1239 (9th Cir. 1998).

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

As detailed in Plaintiffs' Preliminary Approval Motion and in the Declaration of Jeffrey Lewis that accompanied it, ECF 138 and 139, Plaintiffs (and Defendant) have conducted extensive discovery and investigation. Discovery and investigation have included, but not been limited to, the following: interviews with over thirty individuals with key knowledge; depositions of six individuals; requests for production of documents and review of the over 300,000 pages of documents produced by Defendant; and propounding and responding to written discovery, including interrogatories and requests for admission. Lewis Decl. ¶¶13-17.

Given the substantial scope and amount of discovery and investigation completed, Plaintiffs had more than sufficient information to make an informed decision about settlement. This factor weighs heavily in favor of final Settlement approval.

### e.      Experience and views of counsel

Class Counsel are very experienced in class action litigation, particularly in employee benefits cases, including cases challenging California counties' reductions in retiree health care benefits, and have been repeatedly recognized for the quality of their work. Lewis Decl. ¶¶ 4-10. Class Counsel's endorsement of the settlement as fair, reasonable, and adequate in light of the risks of further litigation and their recommendation that it be approved "is entitled to significant weight, and weighs in favor of settlement." *See e.g. Morales*, 2011 WL 5511767 at *11; *Clesceri v. Beach City Investigations & Protective Serv., Inc.*, 2011 WL 320998 at *10 (C.D. Cal. Jan.27, 2011).

### f.      Class Members' reactions to the proposed Settlement

Out of approximately 4,274 Class Members, barely more than 1% have opted out, and only one has submitted an objection. These would be notably low numbers for any class action settlement, and they are particularly striking given the very active campaign against the Settlement led by a small number of individuals and the AFSCME Retiree Chapter 57.

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

This minimal number of objections and opt-outs are a strong indication that the Class as a whole has a favorable view of the settlement. The reactions of Class Members who called Class Counsel was likewise largely positive. This factor weighs in favor of final Settlement approval. *Officers for Justice*, 688 F.2d at 625; *Nat'l Rural Telecomm. Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members"); *see also Garner v. State Farm Mut. Auto. Ins. Co.*, No. 08-1365, 2010 WL 1687832, at * 14 (N.D. Cal. Apr. 22, 2010) (*citing Nat'l Rural Telecomm. Cooperative*).

To conclude, the proposed Settlement is presumptively fair, and all the relevant factors set forth by the Ninth Circuit for considering whether to approve a class action settlement weigh in favor of granting final approval to the proposed Settlement in this case. Therefore, the Court should grant final approval to the Settlement.

**C.     RSG's Letter to Individuals Who Submitted Opt-Out Forms Was Proper**

On September 12, 2016, Counsel for AFSCME Retiree Chapter 57 filed a letter with the Court suggesting that a letter Plaintiff RSG sent to individuals who had opted out of the Settlement was improper. ECF 211. These allegations are baseless.

Chapter 57's suggestion that RSG was not permitted to know the identity of, or to communicate with, individuals who had opted out is without factual or legal support. Contrary to Chapter 57's suggestion, RSG was legitimately provided with the names and contact information for these individuals by Simpluris as part of its regular updates to the Parties regarding opt-out forms received. Simpluris provided the Parties with copies of all opt-out forms, which included name and address information for each individual who had opted out. RSG did not receive the contact information for these individuals directly or indirectly from any list that Chapter 57 provided to Simpluris pursuant to the Court's July 29

Preliminary Injunction. Chapter 57 provides no authority for its statement that contacting individuals who have opted out of a class is improper.[11]

Chapter 57's statement that the RSG letter was "[i]n direct contravention of the Court's July 29, 2016 Order" is likewise baseless. That Order focused solely on the false and misleading communication sent by Chapter 57 and its officers, and had nothing to do with any communication by RSG. Further, in that Order the Court explicitly declined to issue any restraint on future communications by the AFSCME Retirees (who in fact sent a further letter), let alone by anyone else. Nothing in RSG's letter was false, misleading, or otherwise improper, nor did it "pressure" anyone, contrary to Chapter 57's claim. The only specific objection to the content of the letter that Chapter 57 makes is unconvincing. Chapter 57 objects to the fact that RSG directed recipients of the letter to the Court-approved communications in this case. The paragraph in question directs people to communications approved by the Court so they can read such communications for themselves and form their own opinion about the merits of the Settlement. It does not summarize the Court-approved communications or otherwise try to attribute the opinions of RSG to the Court.

Despite its arguments that RSG's letter was improper, Chapter 57 seeks no specific relief from the Court. The arguments that the letter was improper, however, are nothing more than grasping at straws; thus, no relief is necessary because nothing improper has occurred.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the Court should grant their Motion for Final Approval, enter the Proposed Order that has been agreed to by the Parties and submitted to the Court, and enter judgment.

---

[11] Though the letter was not sent by Class Counsel, Chapter 57's suggestion that Class Counsel could not have done so is perplexing. There is no suggestion that any recipients were represented by other counsel, and Chapter 57 fails to explain what would be improper about Class Counsel contacting someone who had recently opted out of the Class, so long as any communication was not misleading or coercive.

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

DATED this 22nd day of September, 2016.

KELLER ROHRBACK L.L.P.

By  /s/ Jacob Richards
    Jeffrey Lewis (66587)
    jlewis@kellerrohrback.com
    Jacob Richards (273476)
    jrichards@kellerrohrback.com
    Jeffrey Lewis
    300 Lakeside Drive, Suite 1000
    Oakland, CA 94612
    (510) 463-3900, Fax (510) 463-3901

*Attorneys for Plaintiff*
*Retiree Support Group of Contra Costa*
*County and the Putative Class*