1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  RETIREE SUPPORT GROUP OF CONTRA COSTA COUNTY, | CASE NO. C 12-00944 JST |
| 12  Plaintiff, | [~~PROPOSED~~] **FINAL JUDGMENT** |
| 13  v. | Judge:   Hon. Jon S. Tigar |
| 14  CONTRA COSTA COUNTY, | |
| 15  Defendant. | |
| 16 | |

17         In accordance with the Court's Order Granting Final Approval of the Parties' class action

18  Settlement Agreement (Dkt. No. 223) and Rules 23(c)(3)(B), 54(a) and 58(a) , **FINAL JUDGMENT**

19  **IS HEREBY ENTERED** binding to the terms of the approved Settlement Agreement attached hereto

20  as Exhibit 1 (Settlement Agreement, ECF 139-1) all members of the finally certified Settlement

21  Class, defined as follows:

22         All eligible Contra Costa County retired employees receiving County retiree health
            benefits who retired on or before December 31, 2015 except for Excluded Retirees
23         as defined below.  The Class includes (a) eligible retirees of Board of Supervisors
            governed special districts who are in County Health Plans and do not receive health
24         care coverage under the Public Employees' Medical and Health Care Act,
            Government Code § 22751, et. seq., ("PEMHCA"), and (b) eligible retirees from
25         the Contra Costa County Superior Court who were County employees at the time of
            retirement and who are in County Health Plans and do not receive health care
26         coverage under PEMHCA.

27         Excluded from the class are any Retirees from the County who were represented at the
            time they retired by the California Nurses Association ("CNA"), or by the
28         Physicians' and Dentists' Organization of Contra Costa ("PDOCC"), Retirees from

12728506.1

1    the County who are receiving health care coverage under PEMHCA, and all of the
     persons listed in the attached Exhibit 2 (Opt Out List) who opted out of the
2    Settlement Class.

3          Without affecting the finality of the Court's Judgment in any way, the Court retains

4    jurisdiction over this matter for purposes of resolving proceedings to enforce the express terms of

5    the Settlement Agreement until June 30, 2024, as set forth in Section 14 of the Settlement

6    Agreement.

7          This action is dismissed with prejudice pursuant to Rule 41 of the Federal Rules of Civil

8    Procedure except as provided in Paragraph 10.3 of the Settlement Agreement, each side to bear its

9    own costs and attorneys' fees.

10   **Approved As To Form Only:**

11
            _____/s/_____
12   Jeffrey Lewis
     Keller Rohrback, L.L.P.
13   Attorneys for Retiree Support Group of
     Contra Costa County and Class Counsel
14

15   **Approved As To Form Only:**

16
            _____/s/_____
17   Raymond F. Lynch
     Hanson Bridgett LLP
18   Attorneys for Contra Costa County

19
     Sharon L. Anderson, County Counsel
20

21   By:_____/s/_____
         Mary Ann McNett Mason
22       Chief Assistant County Counsel, Contra
         Costa County
23
             **IT IS SO ORDERED, ADJUDGED AND DECREED.**
24
     DATED: October 3, 2016
25

26

27   _____
     JON S. TIGAR
28   United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

**Final Settlement Agreement – ECF 139-1**

**EXHIBIT 1**
Final Settlement Agreement

1 | KELLER ROHRBACK, L.L.P.
JEFFREY LEWIS, SBN 066587
2 | jlewis@kellerrohrback.com
300 Lakeshore Drive, Suite 1000
3 | Oakland, CA  94612
Telephone:    (510) 463-3900
4 | Facsimile:    (510) 463-3901

5 | Attorneys for Plaintiff RETIREE SUPPORT GROUP
OF CONTRA COSTA COUNTY and the PUTATIVE CLASS
6 |
HANSON BRIDGETT LLP
7 | RAYMOND F. LYNCH, SBN 119065
rlynch@hansonbridgett.com
8 | LAWRENCE M. CIRELLI, SBN 114710
lcirelli@hansonbridgett.com
9 | STEPHEN B. PECK, SBN 72214
speck@hansonbridgett.com
10 | MATTHEW J. PECK, SBN 287934
mpeck@hansonbridgett.com
11 | 425 Market Street, 26th Floor
San Francisco, California 94105
12 | Telephone:    (415) 777-3200
Facsimile:    (415) 541-9366
13 |
SHARON L. ANDERSON, SBN 94814
14 | County Counsel
sharon.anderson@cc.cccounty.us
15 | MARY ANN McNETT MASON, SBN 115089
Assistant County Counsel
16 | Contra Costa County
maryann.mason@cc.cccounty.us
17 | 651 Pine St., 9th Floor
Martinez, CA 94553
18 | Telephone: (925) 335-1800
Facsimile: (925) 646-1078
19 |
Attorneys for Defendant
20 | CONTRA COSTA COUNTY

21 | **UNITED STATES DISTRICT COURT**

22 | **NORTHERN DISTRICT OF CALIFORNIA**

23 | RETIREE SUPPORT GROUP OF CONTRA       CASE NO. C 12-00944 JST
COSTA COUNTY,
24 |
              Plaintiff,                 **SETTLEMENT AGREEMENT**
25 |
              v.                         Judge:  Hon. Jon S. Tigar
26 |
CONTRA COSTA COUNTY,
27 |
              Defendant.
28 |

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| 1. | Introduction. | 1 |
| 2. | No Admission of Liability. | 1 |
| 3. | Definitions. | 2 |
| 4. | Conditions Precedent. | 5 |
| 5. | Plaintiffs' Obligations. | 6 |
| 6. | County's Obligations Once Agreement is Final. | 7 |
| 7. | Opt-Out Right. | 9 |
| 8. | Preliminary Approval, Objections, and Fairness Hearing. | 10 |
| 9. | Notice. | 10 |
| 10. | Order, Final Approval and Dismissal. | 11 |
| 11. | Mediation and Settlement Statements and Communications. | 11 |
| 12. | Releases. | 12 |
| 13. | No Third Party Beneficiaries. | 13 |
| 14. | Enforcement of the Agreement. | 13 |
| 15. | Entire Agreement. | 15 |
| 16. | Communications to County and RSG/Class Counsel. | 15 |
| 17. | Modification. | 16 |
| 18. | Drafting of this Agreement. | 16 |
| 19. | Execution in Counterparts. | 16 |
| 20. | Duty to Support and Defend Agreement. | 16 |
| 21. | Amounts Paid Not Penalty. | 16 |
| 22. | Receipt of Advice of Counsel. | 16 |
| 23. | Power and Authority. | 16 |
| 24. | Deadlines. | 17 |
| 25. | Time Is Of The Essence. | 17 |
| 26. | Attorneys' Fees And Costs. | 17 |

27.    Claims Administrator. ............................................................................................... 17

28.    Effective Date of the Agreement. ............................................................................ 17

SETTLEMENT AGREEMENT

11587012 7                                                                              C 12-00944 JST

1    **1.    Introduction.**

2        1.1    This Settlement Agreement ("Agreement") is entered into by and between Plaintiff
              Retiree Support Group of Contra Costa County ("RSG"), the Plaintiff Class
3             Representatives to be named in a Third Amended Complaint ("TAC") on behalf of
              the Class ("Plaintiff Class Representatives"), and Defendant Contra Costa County
4             (the "County").  County, RSG and the Plaintiff Class Representatives shall each be
              referred to as a "Party" or collectively as the "Parties."
5
6        1.2    This Agreement applies to all eligible County retired employees receiving County
              retiree health benefits who retired on or before December 31, 2015 except for
              Excluded Retirees as defined herein ("County Retirees").  The retirees who do not
7             opt out of the Class and receive health benefits from the County pursuant to this
              Agreement will be referred to herein as the "Settling Retiree Class."
8
9        1.3    This Agreement does not apply to any retirees from the County who were
              represented at the time they retired by the California Nurses Association ("CNA"),
10            or by the Physicians' and Dentists' Organization of Contra Costa ("PDOCC"), or to
              the retirees from the County who are receiving health care coverage under the
11            Public Employees' Medical and Health Care Act, Government Code § 22751, et.
              seq., ("PEMHCA").  These retirees will be referred to collectively as the "Excluded
12            Retirees."

13       1.4    RSG brought suit in the United States District Court for the Northern District of
              California (the "Court"), Civil Action No. C 12-00944 JST in which it, based on its
14            alleged associational standing, on behalf of its members, alleged that the County
              promised to fund 80% or more of the cost of retiree health care benefits for at least
15            one health plan provided by the County for the lifetime of retirees from the County
              and their dependents, and sought injunctive and declaratory relief, as set forth more
16            fully in the Second Amended Complaint ("SAC").

17       1.5    The Parties now wish to effect a complete resolution and settlement of all claims,
              disputes and controversies that were alleged or that could have been alleged in or
18            otherwise relate without limitation to the allegations in the SAC and TAC
              (hereafter collectively the "Lawsuit") by RSG and by the Class concerning the
19            County's Health Plans and subsidies paid for such plans, as provided herein.

20       1.6    To effect a complete resolution and settlement of all such claims, disputes, and
              controversies, the Parties have agreed to stipulate to the filing of a TAC by RSG
21            and Plaintiff Class Representatives on behalf of the Class alleging damage claims
              by the Class.  The Parties also have agreed to a process for approving the Parties'
22            Agreement, Certifying and Notifying the Class, and obtaining the Court's Final
              Approval of the Agreement, as set forth fully herein.

23   **2.    No Admission of Liability.**

24       By agreeing to and voluntarily entering into this Agreement, County makes no admission
         or concession to RSG, the Plaintiff Class Representatives, or any member of the Class,
25       direct or indirect, express or implied, as to any claims that were alleged or could have been
         alleged in the Lawsuit, that it promised, represented or agreed to provide County retirees
26       lifetime or vested health care benefits of any kind whatsoever including without limitation
         under any Memorandum of Understanding ("MOU") or County Board of Supervisors
27       Resolution or otherwise, that it promised, represented or agreed to fund any percentage or
         dollar level of health care subsidy, that it promised, represented or agreed to any particular
28       health plan structure or plan design, that it promised, represented or agreed to blend retiree

groups for rate setting purposes with County employees, or otherwise violated any contract, promises, representation, obligation, or any other federal, state, or local law, constitution, code, statute or regulation of any kind. Nothing in this Agreement shall constitute or operate as an admission by County in any context that the County is required to provide lifetime or vested health care benefits, to fund any percentage or dollar level of health care subsidy, or to provide any particular health plan structure or plan designs under any MOU or County Board of Supervisor Resolution of action or in any other manner. Nor shall any Party, or its counsel, make reference to this Agreement as support for any prior or future claim against the County except as provided in Section 8 and provided that RSG may provide such information to its Board and members as is needed for approval and County may provide such information to its Board, its employees, and others as necessary for the approval.

**3.   Definitions.**

In addition to the terms defined elsewhere in this Agreement, the following terms shall have the meanings set forth below:

3.1   "Agreement" or "Settlement" means this Settlement Agreement.

3.2   "Claims Administrator" means the third party administrator selected pursuant to the procedure set forth in this Agreement and approved by the Court to provide notice to the Class and process any objections and/or requests to opt out of the Settlement as provided herein.

3.3   "Class" is defined as all eligible retirees from the County receiving County retiree health benefits who have retired and eligible County employees who retire on or before December 31, 2015 except for Excluded Retirees. The Class also includes a) eligible retirees of Board of Supervisors governed special districts who are in County Health Plans and do not receive health care coverage under PEMHCA and b) eligible retirees from the Contra Costa County Superior Court who were County employees at the time of retirement and who are in County Health Plans and do not receive health care coverage under PEMHCA. "Class Member" means any member of the Class.

3.4   "Class Counsel" means the law firm of Keller Rohrback, L.L.P.

3.5   "Class Notice" means the Court- approved notice informing the Class of: (1) the terms of the Agreement; and (2) their right to object to or Opt-Out of the Agreement.

3.6   "County Health Plans" means health plans offered by the County at any point in time, excluding PEMHCA health plans.

3.7   "County Retiree" means eligible County retired employees receiving County retiree health benefits who retired on or before December 31, 2015 except for Excluded Retirees. County Retirees also includes a) eligible retirees of Board of Supervisors governed special districts who are in County Health Plans and do not receive health care coverage under PEMHCA and b) eligible retirees from the Contra Costa County Superior Court who were County employees at the time of retirement and who are in County Health Plans and do not receive health care coverage under PEMHCA.

3.8   "CNA" means the California Nurses Association.

3.9    "County" means Defendant Contra Costa County.

3.10   "Costs" means all out-of-pocket expenses in this Lawsuit and in enforcement proceedings under Section 14 of this Agreement and shall include (but not be limited to) amounts paid and payable to the Court, experts and mediators.

3.11   "County's Counsel" means Sharon L. Anderson, County Counsel, and the Office of County Counsel of Contra Costa County, and Raymond F. Lynch and his firm, Hanson Bridgett LLP.

3.12   "Court" means the United States District Court for the Northern District of California.

3.13   "Dispute Resolution" means the process described in Section 14 herein

3.14   "Excluded Retirees" means all retirees from the County who were represented at the time they retired by the CNA, or by the PDOCC, and the retirees who are receiving health care coverage under PEMHCA.

3.15   "Fairness Hearing" is the hearing held under Federal Rules of Civil Procedure Rule 23(e)(2) to determine whether the Agreement is "fair, reasonable, and adequate."

3.16   "Final Approval Order" means the Order approving this Agreement by a United States District Judge after the Fairness Hearing by signature of a Court Order in a form substantially similar to that submitted by the Parties that, among other things, finally resolves all claims and causes of action alleged or that could have been alleged in the Lawsuit, attaches this Agreement as an exhibit, and has become final and for which the appeal period has expired.

3.17   "Maximum Fixed Monthly Premium Subsidies" means the maximum specific dollar amount of monthly premium subsidies the County will pay by health plan provider, plan and Tier, which are listed in the column of Exhibit 2 titled "MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES" by health care provider, plan, and Tier. In the event the monthly plan premium as determined by and between the County and its health care providers for a plan year is less than the specific dollar amount of the respective Maximum Fixed Monthly Premium Subsidy, the subsidy the County will pay as the Maximum Fixed Monthly Premium Subsidy for that plan year will be one hundred percent of the monthly plan premium as determined by and between the County and its health care providers less one cent.

3.18   "Lawsuit" means Northern District of California Case No. C 12-00944 JST entitled Retiree Support Group of Contra Costa County v. Contra Costa County, including without limitation the claims alleged or which could have been alleged in the Complaint, First Amended Complaint, SAC and TAC.

3.19   "Medicare Retiree Dependents" are defined as dependents of living County Retirees who are eligible for enrollment in County Health Plans and who are either participating in or eligible to participate in Medicare.

3.20   "Medicare Retirees" are defined as County Retirees who maintain continuous enrollment in County Health Plans and who are either participating in or eligible to participate in Medicare and who have retired on or before December 31, 2015, EXCLUDING all retirees represented by CNA and PDOCC at the time of retirement AND EXCLUDING all retirees who participate in CalPERS/PEMHCA

health plans. All persons listed in Exhibit 1 are also excluded from this definition unless they enroll in Medicare.

3.21 "Medicare Survivors" are defined as a County Retiree's dependents who are enrolled in County Health Plans at the time of the Retiree's death who either participate in, or are eligible to participate in Medicare.

3.22 "MOU" means a Memorandum of Understanding between a labor organization and County.

3.23 "Non-Medicare Retiree Dependents" are defined as dependents of living County Retirees who are eligible for enrollment in County Health Plans, but are not yet eligible to participate in Medicare. A dependent child ceases to be a Non-Medicare Retiree Dependent and is no longer eligible to enroll in County Health Plans at the time that he/she would be ineligible to enroll in County Health Plans if the retiree were still a County employee. When a Non-Medicare Retiree Dependent becomes eligible to participate in Medicare, he/she will cease to be a Non-Medicare Retiree Dependent and will become a Medicare Retiree Dependent. Non-Medicare Retiree Dependents who are over 65 and are the spouses/domestic partners of persons listed in Exhibit 1 who were not required to enroll in Medicare will be deemed ineligible to participate in Medicare for purposes of this Agreement, unless they enroll in Medicare.

3.24 "Non-Medicare Retirees" are defined as County Retirees who maintain continuous enrollment in County Health Plans and who are not yet eligible to participate in Medicare and who have retired on or before December 31, 2015 and the persons listed on Exhibit 1, attached hereto, (which lists the roughly 90 plus retirees who were never required to and did not enroll in Medicare), EXCLUDING ALL retirees represented by CNA or PDOCC at the time of retirement, AND EXCLUDING ALL retirees who participate in CalPERS/PEMHCA health plans. Excepting persons listed on Exhibit 1, when a Non-Medicare Retiree becomes eligible to participate in Medicare, he/she will cease to be a Non-Medicare Retiree and will be a Medicare Retiree. Persons listed in Exhibit 1 are deemed ineligible to participate in Medicare for purposes of this Agreement, unless they enroll in Medicare.

3.25 "Non-Medicare Survivors" are defined as a County Retiree's dependents who are enrolled in County Health Plans at the time of the Retiree's death and who are not yet eligible to participate in Medicare. A surviving child will cease to be a Non-Medicare Survivor and will no longer be eligible to enroll in County Health Plans at the time that he/she would be ineligible to enroll in County Health Plans if the Retiree were still alive. When a Non-Medicare Survivor becomes eligible to participate in Medicare, he/she will cease to be a Non-Medicare Survivor and will become a Medicare Survivor. A Non-Medicare Survivor who is over age 65 and was the spouse or domestic partner of a person listed in Exhibit 1 and who was not required to enroll in Medicare will be deemed ineligible to participate in Medicare for purposes of this Agreement, unless he/she enrolls in Medicare.

3.26 "Notice Deadline" means the deadline for mailing notice as ordered by the Court as part of the Preliminary Approval process of this Agreement as provided in Section 9.

3.27 "Opt-Out" means the process by which a Class Member chooses not to be part of the "Retiree Settling Class" as provided in Section 7.

3.28 "Party" means RSG, County or Plaintiff Class Representative(s).

11587012.7

-4-

C 12-00944 JST

3.29   "Parties" means RSG, County and Plaintiff Class Representatives(s).

3.30   "PEMHCA" means Public Employees' Medical and Health Care Act, Government Code § 22751, et. seq.

3.31   "PDOCC" means Physicians' and Dentists' Organization of Contra Costa.

3.32   "Preliminary Approval" means the initial approval by the Court of the terms of this Agreement, which shall occur prior to any notice being provided in accordance with Section 8 of this Agreement.

3.33   "Plaintiff Class Representatives" means the class representatives named in the TAC.

3.34   "RSG" means Plaintiff Retiree Support Group of Contra Costa County.

3.35   "RSG Counsel" and "Class Counsel" means Jeffrey Lewis and his firm, Keller Rohrback, L.L.P.

3.36   "Settling Retiree Class" is defined as the Class or all Class Members minus the County Retirees who opt out of the Class as provided in Section 7.  "Settling Retiree Class Member" means any member of the Settling Retiree Class.

3.37   "Survivor" means a retiree's eligible dependent who is enrolled in County Health Plans at the time the retiree dies. A person ceases to be a "Survivor" at such time as he/she would not be eligible to enroll in County Health Plans if the retiree were still alive.

3.38   "SAC" means the Second Amended Complaint in this Lawsuit.

3.39   "TAC" means the Third Amended Class Complaint to be filed by RSG, and by Plaintiff Class Representatives on behalf of the Class, the filing of which is stipulated to for settlement purposes only, which seeks injunctive and declaratory relief as alleged in the Second Amended Complaint herein and additionally alleges damages on behalf of the Class referred to in Paragraphs 4.3 and 5.1.2.

3.40   "Tier" refers to grouping of health care recipients which health plan providers utilize to determine health care premium rates for their health care plans. County's health care plans currently utilize a Two Tier structure for Non-Medicare Retirees: Retiree and Retiree Plus Family. County is in the process of attempting to implement a Three Tier structure for Non-Medicare Retirees: Retiree; Retiree Plus One Dependent; and Retiree Plus Two Or More Dependents.

**4.   Conditions Precedent.**

Notwithstanding any other provision in this Agreement, each of County's Obligations under Section 6 are prospective only and conditioned upon and do not become operative until the occurrence of all of the following condition precedent events:

4.1   The Agreement is approved by the RSG Board and membership of RSG in conformity with RSG's Bylaws, is executed on behalf of RSG, and RSG provides to the County a notarized certification under penalty of perjury from an authorized officer of RSG that the RSG membership vote on the Agreement is in compliance with RSG's Bylaws and that the officer of RSG signing the Agreement and certification has the authority to execute them on behalf of RSG.

4.2   The Agreement is approved by the County's Board of Supervisors after RSG's Board and membership approval.

4.3   The filing and service of the TAC. A draft of the TAC shall be provided to County's Counsel for input before filing.

4.4   The filing by Class Counsel of a motion with the Court ("the Preliminary Approval Motion") seeking an order approving the filing of the TAC, preliminarily approving the TAC, setting a date for the Final approval hearing, approving the Class Notice (in the form agreed by the Parties) and setting out the procedure for objecting to or opting out of the Settlement. The motion shall provide that if the settlement fails to be approved by the Court, then the County retains all rights to object to the maintenance of an action as a class action and the Lawsuit shall resume based on the SAC as of July 30, 2015 as provided in Paragraphs 7.3 and 7.4.

4.5   The obtaining of Preliminary approval of this Agreement, Certification of the Class and approval of the Class Notice and the procedures for providing that notice to the Class, and the sending of notice to the Class in accordance with the procedures for providing notice approved by the Court.

4.6   A Fairness Hearing is held by the Court to grant Final Approval of the Agreement in accordance with Section 10 below.

4.7   The Court approves the Agreement after a Fairness Hearing has been conducted, and enters a Final Approval Order which finally resolves and releases all claims and causes of action alleged or that could have been alleged in the Lawsuit in accordance with the terms set forth in Sections 10 and 12, the Final Approval Order has become final, no appeal of the Final Approval Order or other order relating to the Parties' settlement has been filed or is pending, and the time for appeal has expired.

5.   **Plaintiffs' Obligations.**

5.1   RSG, the Plaintiff Class Representatives, and RSG and Class Counsel shall:

   5.1.1   Cooperate with County and County's Counsel and use their best efforts to achieve a complete settlement of all claims by the Class and RSG in accordance with this Agreement.

   5.1.2   Prepare and seek leave to file the TAC by Plaintiff RSG and Plaintiff Class Representatives on behalf of the Class which seeks injunctive and declaratory relief as alleged in the SAC and additionally alleges damages on behalf of the Class, and submit it to County's Counsel for review and stipulation for filing for settlement purposes only.

   5.1.3   Move for the certification of the Class, preliminary approval of the Settlement, and approval of the Class Notice as provided in Sections 8 and 9.

   5.1.4   Seek a Fairness Hearing and Final Approval Order as provided in Sections 8, 9 and 10.

   5.1.5   Provide releases by RSG and by the Settling Retiree Class of all claims, disputes and controversies that were alleged or that could have been alleged in or otherwise relating to the allegations in the Lawsuit and concerning the

Case 3:12-cv-00944-JST   Document 225   Filed 11/01/16   Page 13 of 45
Case 3:12-cv-00944-JST   Document 139-1   Filed 03/17/16   Page 11 of 40

County's Health plans and subsidies paid for such plans, as provided in Sections 10.2 and 12.

**6.    County's Obligations Once Agreement is Final.**

Subject to its right to void the Agreement under Section 7, and subject to the Conditions Precedent in Section 4, County agrees to the following obligations to the Settling Retiree Class:

6.1    To Non-Medicare Retirees Eligible to Participate:

6.1.1    Provide Non-Medicare Retirees and Non-Medicare Retiree Dependents, until such time as they are eligible to participate in Medicare, access to the same health plan providers and the same health plans that County provides for County employees.

6.1.2    Non-Medicare Retirees, and their Non-Medicare Dependents shall remain blended with County employees not participating in CalPERS/PEMHCA health plans for purposes of rate setting. The respective plan premiums, co-pays, and deductibles shall be the same for these groups as set forth in County's Health Plans for its employees at any point in time, until such time as the Non-Medicare Retirees have become eligible to participate in Medicare.

6.1.3    Pay the Maximum Fixed Monthly Premium Subsidies for health plans by provider and plan until such time as the Non-Medicare Retirees are eligible to participate in Medicare and subject to Paragraph 6.2. For the limited number of retirees not required to enroll in Medicare, listed on Exhibit 1, pay such Maximum Fixed Monthly Premium Subsidies for the lifetimes of these retirees, unless they enroll in Medicare. Each of the Maximum Fixed Monthly Premium Subsidies are fixed and shall not increase, except as provided in Paragraph 6.1.6 herein.

6.1.4    Effective on January 1, 2017, if and only if all of the conditions precedent in Section 4 are met, and if and only if a Three Tier health premium system is in effect for the majority of County employees in County Health Plans, implement a Three Tier premium structure for all of the Non-Medicare Retirees: Retiree, Retiree Plus One Dependent, and Retiree Plus Two Or More Dependents, until such time as all of the Non-Medicare Retirees have become eligible to participate in Medicare.

6.1.5    Effective January 1, 2017, if and only if all of the conditions precedent in Section 4 are met, and if and only if a Three Tier system is in effect for the majority of County employees in County Health Plans, for all of Non-Medicare Retirees, pay the various Maximum Fixed Monthly Premium Subsidies for "retiree only" by plan; for Retiree Plus One Dependent pay the various Maximum Fixed Monthly Premium Subsidies for "retiree and one or more dependents" by plan; for Retiree Plus Two Or More Dependents pay the various Maximum Fixed Monthly Premium Subsidies for "retiree and one or more dependents" by plan, as increased by Paragraph 6.1.6 herein.

6.1.6    After all conditions precedent in Section 4 are met, County shall increase the Maximum Fixed Monthly Premium Subsidy amount for the Retiree Plus Two or More Dependents Tier (defined as Tier III) by $150 on the first day

of the plan year in which a three Tier premium structure is implemented, following County's Open Enrollment, for all of the Non-Medicare Retirees in County Health Plans. This will not increase the Maximum Fixed Monthly Premium Subsidy for any dental plan provided to any such retiree.

6.1.7 Retirees shall remain blended with County employees for purposes of setting dental plan rates and the respective plan premiums, and County will continue to pay the Maximum Fixed Monthly Premium Subsidy amount for dental plans by provider and plan as shown on Exhibit 2.

6.1.8 If County replaces an existing health plan provider or an existing health plan with a new health plan provider and/or health plan for active County employees, Non-Medicare Retirees and Non-Medicare Retiree Dependents shall have access to such new providers and/or plans. The County subsidy for new medical plans shall be the same as the Maximum Fixed Monthly Premium Subsidy amount for Kaiser Permanente Basic Plan B subsidies shown on Exhibit 2, except that the subsidy for the Retiree Plus Two or More Dependents Tier will be increased as provided in Paragraph 6.1.6 herein. The County subsidies for new dental plans shall be the same as the Maximum Fixed Monthly Premium Subsidy amounts for dental plans with Kaiser Permanente Plans shown on Exhibit 2.

6.2 To Medicare Retirees Eligible To Participate:

6.2.1 Provide Medicare Retirees and their Medicare Retiree Dependents access to the same health providers that County provides for County employees for the lifetimes of the Medicare Retirees, but to those providers' Medicare supplemental and Coordination of Benefits ("COB") plans offered by the County, such as the Kaiser-Senior Advantage Plan.

6.2.2 Provide the same Maximum Fixed Monthly Premium Subsidies for the Medicare supplemental and COB plans for the lifetimes of the Medicare Retirees, except as provided in paragraph 6.2.3

6.2.3 Effective January 1, 2021, and continuing for the lifetimes of the Medicare Retirees increase the amount of the County monthly Maximum Fixed Monthly Premium Subsidy shown on Exhibit 2 for medical plans by $25 for Medicare Retirees with no dependents and for Medicare Retirees with all dependents on Medicare.

6.2.4 Retirees shall remain blended with County employees for purposes of setting dental plan rates and the respective plan premiums, and County shall continue to pay the Maximum Fixed Monthly Premium Subsidy for dental plans by provider and plan shown on Exhibit 2.

6.2.5 If County replaces an existing health plan provider or an existing Medicare supplemental or COB plan with a new provider and/or plan for Medicare Retirees, then Medicare Retirees and Medicare Retiree Dependents shall have access to such new providers and/or plans. The subsidies for new Medicare supplemental and COB plans shall be the same as the current Kaiser B subsidies shown on Exhibit 2 for Kaiser Senior Advantage Plan B and combination plans, except that these subsidies shall be increased as provided in Paragraph 6.2.3. The subsidies for new dental plans shall be the same as the Maximum Fixed Monthly Premium Subsidy amounts for dental plans with the Kaiser Permanente Plan shown on Exhibit 2.

6.3    To Survivors:

    6.3.1    County shall not pay a premium subsidy for any health plan for any Medicare or Non-Medicare Survivor of any deceased retiree.

    6.3.2    Provided that the Non-Medicare Survivors maintain continuous enrollment in County Health Plans, County shall provide the Non-Medicare Survivors of a deceased retiree access, until the Survivors are eligible to participate in Medicare, to the same County Health Plan providers and blended rates referenced in Paragraphs 6.1.1 and 6.1.2.  Such access will be at the sole cost of the Survivor.

    6.3.3    Provided that the Medicare Survivors maintain continuous enrollment in County Health Plans, the County will provide the Medicare Survivors of a deceased retiree access, for their lifetimes, to the same health plan providers and Medicare supplemental and COB plans offered to Medicare Retirees referenced in Paragraph 6.2.1.  Such access will be at the sole cost of the Survivor.

7.    **Opt-Out Right.**

7.1    Any Class Member may request exclusion from the Class for purposes of settlement.  Class Members who wish to opt-out of the Class for purposes of the Settlement must submit a written and signed request for exclusion from the Settlement ("Opt-Out Statement") to the Claims Administrator.  Opt-Out Statements must be postmarked and mailed to the Claims Administrator not later than sixty (60) calendar days after the Notice Deadline set by the Court, must include the Class Member's name and current contact information, and must affirmatively state that the Class Member does not want to be covered by the Settlement.

7.2    The Claims Administrator shall stamp the date received on the original of any Opt-Out Statement it receives and serve copies of the Opt-Out Statement on Class Counsel and County's Counsel not later than five (5) business days after receipt thereof and shall file the date-stamped originals of any Opt-Out Statements with the Court not later than ten (10) business days prior to the date set for the Fairness Hearing.  The Claims Administrator shall retain copies of all Opt-Out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Agreement.

7.3    If the number of Class Members opting out of the Agreement in the manner provided in this Agreement exceeds five percent (5%) of the total number of eligible Class Members, then County, at its sole option and discretion, shall have the right to void this Agreement by electronically filing a Notice of its decision to void the Agreement in the Lawsuit until the thirtieth (30th) day after the Court requires individuals to return all Opt-Out Statements.

7.4    If County exercises its option to void the Agreement, all of the Parties' obligations under this Agreement shall cease to be of any force and effect, and the Agreement and any orders entered in connection therewith shall be vacated, rescinded, cancelled, and annulled, and the Parties shall return to the status quo in the Lawsuit as if the Parties had not entered into the Agreement, including resumption of the case based on the SAC as of July 30, 2015.  In addition, the Agreement and all negotiations, Court orders and proceedings relating thereto shall be without prejudice to the rights of any and all Parties hereto, and evidence relating to the

Agreement and all negotiations shall be protected in accordance with Federal Rules of Evidence 408 and shall not be admissible, discoverable or used in any manner in the Lawsuit.

**8.      Preliminary Approval, Objections, and Fairness Hearing.**

8.1     Promptly after execution of this Agreement, the Parties shall cooperate to file by March 17, 2016, a motion seeking orders Granting Preliminary Approval of this Agreement, Authorizing the Filing of the Third Amended Complaint, Preliminarily Certifying the Class for Settlement Purposes Only, and Approving the Proposed Form of Notice and Plan for Providing Notice Submitted by the Parties.

8.2     Any Class Member may object to the proposed Agreement by filing, within sixty (60) days after the Notice Deadline set by the Court, written objections with the Court as provided by the Court's Order of Preliminary Approval of Settlement.

8.3     Responses by County Counsel and Class Counsel to any timely-filed objections shall be made no less than five (5) business days before the Fairness Hearing as provided by the Court's Order.

8.4     The Parties shall use their best efforts to schedule a Fairness Hearing, and to request the Court to issue a Final Approval Order as provided in Section 10.

**9.      Notice.**

After the Court enters its order granting preliminary approval of the Settlement, all Class Members shall be provided with the Class Notice (updated to reflect the order granting preliminary approval of the Settlement and any dates and deadlines set by the Court) by the Claims Administrator as follows:

9.1     Within fifteen (15) calendar days after the Court grants preliminary approval of the Settlement, County shall provide to the Claims Administrator a list of Class Members, and their then-current or last known addresses.

9.2     On or before the Notice Deadline, the Claims Administrator shall mail the Class Notice to all Class Members via first-class regular U.S. Mail, using the address information provided by the County.

9.3     If any Class Notice is returned as undeliverable within thirty (30) calendar days of the mailing of the Class Notice with a forwarding address, the Claims Administrator shall have seven (7) calendar days to re-mail a Class Notice to the forwarding address. If any Class Notices are returned as undeliverable within thirty (30) calendar days of the mailing of the Class Notice without a forwarding address, the Settlement Administrator shall have seven (7) calendar days from receipt of the returned Class Notice to conduct a search for a more current address for the Class Member and to re-mail a Class Notice to the Class Member. The Claims Administrator shall be responsible for taking all reasonable steps to trace the mailing address of any Class Member for whom a Class Notice is returned by the U.S. Postal Service as undeliverable. These reasonable steps will include, at a minimum, the tracking of all undelivered mail, performing an address search for all mail returned without a forwarding address, and promptly re-mailing the Class Notice to Class Members for whom new addresses are found.

9.4    The Claims Administrator shall provide weekly status reports to counsel for the Parties, including: (a) the number of Class Notices mailed; and (b) the number of Opt-Out Statements received.

9.5    No later than fourteen (14) calendar days before the Final Approval Hearing, the Claims Administrator shall serve on Class Counsel and the County's counsel, for filing with the Court in support of Plaintiff's motion for final approval of the Settlement, a declaration setting forth its compliance with this section of this Agreement, and attaching all Opt-Out forms that it has received, together with envelopes showing the date on which each Opt-Out form was postmarked.

9.6    The Class Settlement Notice, and the Plan for Providing Notice must satisfy the requirements of Federal Rule of Civil Procedure 23, and must be approved by the Court. In Plaintiff Class Representatives' motion for preliminary approval of the Agreement, the Plaintiff Class Representatives shall propose a deadline for the Class Administrator to send the Class Settlement Notice ("Notice Deadline") and the proposed Notice Deadline shall be as soon as reasonably practicable.

**10.    Order, Final Approval and Dismissal.**

10.1    At the time of the Fairness Hearing, the Parties shall ask the Court to enter the Final Approval Order in a form agreeable to the Parties granting Final Approval of this Agreement and Finally Certifying the Class for Settlement Purposes Only.

10.2    The Final Approval Order shall attach this Agreement as an exhibit, and shall provide for the Releases of All Claims by RSG and the Settling Retiree Class pursuant to Section 12, and shall dismiss with prejudice any claims alleged by RSG for or on behalf of retired County employees represented by CNA and PDOCC at the time of retirement and retired County employees who participate in CalPERS/PEMHCA health plans.

10.3    The Lawsuit shall be dismissed with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure when the Final Approval Order is filed; provided, however, without affecting the finality of the terms of this Agreement or the Final Approval Order, the Court shall retain jurisdiction only until June 30, 2024 for the sole and limited purpose of enforcing the express terms of this Agreement by the Parties as set forth in Section 14. The continuing jurisdiction provided by this Paragraph does not extend to any obligation not expressly created by this Agreement.

**11.    Mediation and Settlement Statements and Communications.**

11.1    The parties, Counsel for RSG and Counsel for the County agree that all oral or written statements and communications made since July 23, 2015 by the parties or their counsel in the mediation or after the mediation, related to the mediation or to the implementation of the mediated settlement, are neither admissible nor discoverable in any action, nor may they be used in any way in the Lawsuit in the event the settlement is not fully implemented, is not approved by RSG, the County, or the Court, or is rejected by the County as provided in Section 7. The agreement in this paragraph shall terminate when and if the settlement is not fully implemented, is not approved by RSG, the County, or the Court, or is rejected by the County as provided in Section 7; provided, however, that statements and communications made after July 23, 2015 and before such termination are neither admissible or discoverable, nor may they be used in any way in the Lawsuit.

11587012.7

-11-

C 12-00944 JST

11.2   If this Agreement is approved by the Court in the Final Approval Order, this Agreement will be admissible in evidence in any civil action or proceeding to enforce the terms of this Agreement.

**12.**   **Releases.**

12.1   Release of All Claims.

12.1.1   Effective on the date of the Final Approval Order, RSG, its predecessors, successors, assigns, agents, officers, directors, and employees and Plaintiff Class Representatives, on behalf of the Settling Retiree Class, and each of their respective spouses, dependents, survivors, executors, successors, heirs, assigns, administrators, agents and representatives (collectively, the "Releasing Parties") in consideration of the relief set forth herein, the sufficiency of which is expressly acknowledged, unconditionally and forever do fully and finally release, acquit, and forever discharge County, including but not limited to its Board of Supervisors, departments, officials, officers, agents, attorneys, insurers, and employees, their predecessors, successors, and assigns, and any other person or persons, entity or entities of any kind whatsoever for whose actions, representations, or omissions County may be legally responsible and/or who were involved with the County's health plan in the provision of health care to its retirees in any way whatsoever from the Released Claims as defined in Paragraph 12.1.2 ("Released Parties"); provided, however, that Released Parties do not include any County Health Plan providers with which County contracts to provide health care at any point in time, as distinct from the County.

12.1.2   The "Released Claims" are all claims that were alleged or could have been alleged in the Lawsuit by the Releasing Parties, including without limitation, any and all claims, rights, demands, charges, complaints, obligations, actions, debts, suits and causes of action, whether known or unknown, suspected or unsuspected, accrued or unaccrued, for past or future injuries or damages, including without limitation, injunctive, declaratory or equitable relief, or monetary damages of any kind, including without limitation, statutory, actual, compensatory, consequential, special, or punitive however described, based on actions, representations, or omissions preceding Final Approval of this Agreement arising out of or relating in any way to any of the legal, factual, or other allegations made in the Lawsuit, or any legal theories that could have been raised based on the allegations of the Lawsuit that relate in any way to the health care provided by the County to the Releasing Parties under law, contract, policy, practice, legislation or statute, including without limitation claims under federal, state, or local constitutions, statutes, codes, regulations, or resolutions, any claims that the County promised or guaranteed to pay a certain percentage of subsidy for retiree health care, or to treat retirees the same as current County employees with respect to health care subsidies, and any claims under any MOU, contract, tort or common law of any kind, or otherwise.

12.1.3   The Parties agree that the releases described in Section 12 shall be construed broadly and to the fullest extent permitted by law, and that the Final Approval Order will be fully binding and effective for purposes of res judicata and collateral estoppel upon the Releasing Parties with respect to claims described in Paragraph 12.1.2.

12.1.4   Section 1542 Waiver of Known or Unknown Claims.  The Releasing Parties

11587012.7

1   understand and expressly agree that this Agreement extends to all Released
    Claims of every nature and kind, known or unknown, suspected or
2   unsuspected, past, present, or future, arising from or attributable to any act,
    conduct, policy, practice, contract of County, whether known by the
3   Releasing Parties or whether or not any Releasing Party believes he or she
    may have any claims, and that any and all rights granted to the Releasing
4   Party under Section 1542 of the California Civil Code or any analogous
    state law or federal law or regulations, are hereby expressly WAIVED.
5   Said Section 1542 of the California Civil Code reads as follows:

6       A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
        WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
7       EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
        THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST
8       HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT
        WITH THE DEBTOR.

**13.   No Third Party Beneficiaries.**

13.1    Each of the Parties' intent is to confer only the rights, benefits and remedies
        expressly provided in this Agreement upon the Retiree Settlement Class, RSG, the
        Plaintiff Class Representatives, County, any Survivors, or any person specified in a
        valid Court approved Qualified Medical Child Support Order ("QMCSO
        Beneficiary") only. Each of the Parties specifically decline to provide any rights,
        benefits or remedies, of any kind whatsoever, to any other persons or entities,
        whatsoever, under either this Agreement or the Final Approval Order.

13.2    Only the Parties, members of the Settling Retiree Class, Survivors, or a QMCSO
        Beneficiary may seek to enforce the terms of this Agreement through the process
        provided for in Section 14 of this Agreement.

**14.   Enforcement of the Agreement.**

Any proceedings to enforce the express terms of this Agreement by the Parties, Settling
Retiree Class members, Survivors or a QMCSO Beneficiary as approved in the Final
Approval Order shall be brought under the procedures described in Section 14 only until
June 30, 2024. Such proceedings shall follow the procedure described in Paragraph 14.1
and if no resolution is reached, the procedure described in Paragraph 14.2 shall be
followed:

14.1    Informal Resolution:

        14.1.1  Any Party seeking enforcement of the express terms of this Agreement
                shall notify the other Parties and provide a written statement identifying the
                express term of the Agreement allegedly not complied with, the factual and
                legal basis upon which enforcement is sought, and the specific relief sought
                (the "Party Notice"). The other Parties shall respond in writing to the Party
                Notice within forty-five (45) calendar days of receipt of the Party Notice
                ("Response To Party Notice").

        14.1.2  Any Settling Retiree Class member, Survivor, or QMCSO Beneficiary
                seeking enforcement of the express terms of this Agreement shall first
                provide RSG and the other Parties with a written statement identifying the
                express term of the Agreement allegedly not complied with, the factual and
                legal basis upon which enforcement is sought, and the specific relief sought

("Non-Party Notice To RSG"). RSG shall decide whether it will pursue enforcement within forty-five (45) calendar days of receipt of the Non-Party Notice To RSG.

If RSG decides it will pursue enforcement, it will notify the other Parties and provide them with a Party Notice as described in Paragraph 14.1.1. The other Parties will each provide their response to the Party Notice within forty-five (45) calendar days of receipt of the Party Notice.

If RSG declines to pursue enforcement of the Non-Party Notice To RSG, or has taken no action to pursue enforcement of the Non-Party Notice To RSG within forty-five (45) calendar days of the receipt of the Non-Party Notice To RSG, the Settling Retiree Class member, Survivor, or QMCSO Beneficiary may seek enforcement by providing all Parties with a written statement identifying the express term of the Agreement allegedly not complied with, the factual and legal basis upon which enforcement is sought, the specific relief sought, and a statement that RSG has been asked to seek enforcement and has either declined or has not timely acted to seek enforcement (the "Non-Party Notice").

Any Party desiring to respond shall do so in writing within forty-five (45) calendar days of receipt of the Non-Party Notice (Response To Non-Party Notice").

14.1.3 Within forty-five (45) calendar days of receipt of a Response To Party Notice under Paragraph 14.1.1 or a Response To Non-Party Notice under Paragraph 14.1.2, counsel for the Parties, and any Settling Retiree Class Member, Survivor or QMCSO Beneficiary providing a Non-Party Notice shall meet and confer by telephone or in person and attempt to resolve the enforcement issue informally.

14.1.4 If the meet and confer under Paragraph 14.1.3 has been completed and does not result in resolution of the alleged enforcement issue, any Party may request mediation. The other Parties shall in good faith consider whether a mediation should be conducted using an agreed neutral of Judicial Arbitration and Mediation Services. The Parties shall participate in a mediation only if all Parties agree to participate in a mediation.

14.1.5 Any Party, Survivor, Settling Retiree Class member, or QMCSO Beneficiary who invokes the procedures set forth in this Section 14 shall be responsible for their own attorney's fees and costs at all stages of such procedures, including without limitation all attorney's fees and Costs in any mediation. No Party shall be required to pay any attorney's fees or Costs of any other Party or of any Survivor, Class Member, or QMSCO Beneficiary.

14.2    Submission to the Court:

14.2.1 If the Informal Resolution process pursuant to Paragraph 14.1 of this Agreement has been completed and does not result in a resolution of the alleged enforcement issue within a reasonable time not to exceed sixty (60) calendar days, any Party, Settling Retiree Class member, Survivor or QMCSO Beneficiary may make a motion in this Lawsuit seeking resolution of the dispute over the enforcement of the express terms of this Agreement by Judge Jon S. Tigar or any other United States District Judge in the Northern District who may be assigned to the Lawsuit ("Enforcement

Motion"). Such an Enforcement Motion shall be the sole means of enforcement of any claim based on the express terms of this Agreement through the period ending June 30, 2024.

14.2.2 Unless a different time or schedule is agreed to by the Parties and the Court, an Enforcement Motion shall provide the Parties and any other persons responding to it at least sixty (60) calendar days notice in advance of the hearing date. The Parties and any persons responding to the Enforcement Motion shall file their response to the Enforcement Motion at least fifteen (15) calendar days in advance of the hearing date.

14.2.3 In the event a Party, Settling Retiree Class member, Survivor, or QMCSO Beneficiary seeks enforcement by the Court of the express terms of this Agreement, each Party, Settling Retiree Class member, Survivor or QMCSO Beneficiary shall each be responsible for their own attorney's fees and Costs at all stages of any such enforcement proceeding, including without limitation all attorney's fees and Costs in any Court proceeding. No Party shall be required to pay any attorney's fees or Costs of any other Party or of any Settling Retiree Class member, Survivor or QMCSO Beneficiary.

## 15. Entire Agreement.

This Agreement constitutes the full agreement of the Parties and supersedes any and all other prior agreements and all negotiations leading up to the execution of this Agreement, whether oral or in writing, between the Parties with respect to the subject matter of the present Agreement, including without limitation the Interim Mediated Settlement Agreement In Principle. No additional promises or representations, express or implied, not contained in this Agreement have been made by any of the Parties, or any agent or employee of any of the Parties, other than what is expressly contained in this Agreement.

## 16. Communications to County and RSG/Class Counsel.

All notices or communications required by this Agreement shall be in writing by facsimile and U.S. Mail or overnight delivery service addressed as follows:

16.1    To Named Class Plaintiffs, RSG and Class Counsel or the Class:

Jeffrey Lewis
Keller Rohrback, L.L.P.
300 Lakeshore Drive, Suite 1000
Oakland, CA  94607
Telephone: (510) 463-3900
Fax: (510) 463-3901


To County:

Raymond F. Lynch
Hanson Bridgett LLP
525 Market Street, 26th Floor
San Francisco, CA  94105
Telephone: (415) 777-3200
Fax: (415) 541-9366

1     and

2     Sharon L. Anderson, County Counsel
    Contra Costa County
3     651 Pine Street, 9th Floor
    Martinez, CA  94553
4     Telephone:  (925) 335-1800
    Fax:  (925)646-1078

5

6 Each of the Parties may change the individuals to whom notices and communications required by this Agreement shall be sent by providing the other Party with written notification that it wishes to do so.

7

**17.**    **Modification.**

8

9 Prior to the Court's entry of the Final Approval Order, this Agreement can only be amended by written agreement of each the Parties hereto.  Following entry of the Final Approval Order, no modification of this Agreement shall be effective unless agreed to in a
10 written agreement by each of the Parties and approved by Court Order.

11 **18.**    **Drafting of this Agreement.**

12 This Agreement is deemed to have been drafted by each of the Parties hereto, as a result of arm's length negotiations among the Parties.  Whereas each of the  Parties has contributed
13 to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

14

**19.**    **Execution in Counterparts.**

15

16 This Agreement may be executed by each of the Parties hereto in separate counterparts, and all such counterparts taken together shall be deemed to constitute one and the same agreement.

17

**20.**    **Duty to Support and Defend Agreement.**

18

19 Each of the Parties agrees to abide by all of the terms of this Agreement in good faith and to support it fully, and each shall use their best efforts to defend this Agreement from any legal challenge, whether by appeal or collateral attack.

20

**21.**    **Amounts Paid Not Penalty.**

21

22 It is understood that no amount paid or expended by County in its performance of this Agreement constitutes a penalty, fine, punitive damages, or other form of assessment for any alleged claim or offense.

23

**22.**    **Receipt of Advice of Counsel.**

24

25 Each of the Parties acknowledges and warrants to each other that they have fully read this Agreement, have received independent legal advice from their respective counsel regarding the advisability of entering into this Agreement, and fully understand its effect.

26

**23.**    **Power and Authority.**

27

28 Each of the Parties represents that they have the power and authority to execute and deliver this Agreement and to perform the obligations hereunder, and that each person executing

-16-

C 12-00944 JST

SETTLEMENT AGREEMENT

this Agreement on each Party's behalf has been authorized to sign on behalf of the respective Party and to bind each to the terms of this Agreement.

**24.    Deadlines.**

With regard to the provisions of this Agreement that require that certain acts be taken within specified periods, each of the Parties understands and agrees that Court approval shall not be required for reasonable extensions of deadlines. In the event that any Party determines that an action required by this Agreement cannot be taken within the specified time period, that Party shall promptly notify each of the other Parties that it anticipates a delay, the reasons for the delay and a proposed alternative deadline. Each of the Parties shall endeavor to cooperate in reasonably rescheduling such deadlines. However, if each of the other Parties does not agree to the proposed delay, the Parties shall submit the matter to Dispute Resolution.

**25.    Time Is Of The Essence.**

Each of the Parties agrees that time is of the essence in the implementation of this Agreement. To that end, the Parties agree to use best efforts as follows:

25.1    RSG and Plaintiff Class Representatives shall provide to the County, by March 8, 2016 or as soon thereafter as possible, a notarized certification under penalty of perjury from an authorized RSG officer that the RSG membership vote to approve the Agreement is in compliance with RSG's Bylaws, and the officer of RSG signing the Agreement and certification has the authority to execute them on behalf of RSG.

25.2    The County, by March 15, 2016, or as soon thereafter as possible, shall obtain Board of Supervisors approval of the Agreement.

25.3    The Parties, by April 7, 2016, or as soon thereafter as possible, shall obtain Court orders (1) preliminarily approving the Agreement, (2) authorizing the filing of the TAC, (3) certifying the Class, and (4) approving a Class Notice.

25.4    The Parties, by September 30, 2016, or as soon thereafter as possible, shall obtain the Court's Final Approval Order.

**26.    Attorneys' Fees And Costs.**

Each Party shall bear its own attorneys' fees and costs incurred in or otherwise related to the Lawsuit, including without limitation all attorney's fees and costs in connection with the mediation, negotiation, preparation, implementation and approval of the Agreement.

**27.    Claims Administrator.**

County will pay all fees and costs of the Claims Administrator, including without limitation the cost of preparing and mailing the Class Notice. County will select the Claims Administrator subject to the approval of RSG and Class Counsel provided such approval will not be unreasonably withheld.

**28.    Effective Date of the Agreement.**

This Agreement will be effective on the date the last Party executes it.

**For Plaintiff Retiree Support Group of Contra Costa County:**

Dated: _March 9,_____, 2016

Ellis R. Patterson. Chair of
Retiree Support Group of Contra Costa County

-18-
SETTLEMENT AGREEMENT

11587012 7

C 12-00944 JST

**For Plaintiff Class:**

Dated: March _10_, 2016

_[signature]_
Michael Sloan,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ___, 2016

Alyn D. Goldsmith,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ___, 2016

Deborah Elite,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ___, 2016

Billie Jo Wilson Elkin,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ___. 2016

Susanne Beadle,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ___, 2016

Alice Grothmann
Plaintiff Class Representative On Behalf Of the Class

**For Contra Costa County:**

Dated: _____, 2016

David Twa, Chief Administrative Officer
County of Contra Costa

**Approved As To Form Only:**

Jeffrey Lewis
Keller Rohrback, L.L.P.
Attorneys for Retiree Support Group of
Contra Costa County and Class Counsel

C 12-00944 JST

**For Plaintiff Class**

Dated: March _____, 2016

_____
Michael Sloan,
Plaintiff Class Representative On Behalf Of the Class

Dated: March 9, 2016

*Alyn D. Goldsmith*
_____
Alyn D. Goldsmith,
Plaintiff Class Representative On Behalf Of the Class

Dated: March _____, 2016

_____
Deborah Elite,
Plaintiff Class Representative On Behalf Of the Class

Dated: March _____, 2016

_____
Billie Jo Wilson Elkin,
Plaintiff Class Representative On Behalf Of the Class

Dated: March _____, 2016

_____
Susanne Beadle,
Plaintiff Class Representative On Behalf Of the Class

Dated: March _____, 2016

_____
Plaintiff Class Representative On Behalf Of the Class

**For Contra Costa County:**

Dated: _____, 2016

_____
David Twa, Chief Administrative Officer
County of Contra Costa

**Approved As To Form Only:**

_____
Jeffrey Lewis
Keller Rohrback, L.L.P.
Attorneys for Retiree Support Group of
Contra Costa County and Class Counsel

1

**For Plaintiff Class:**

2

Dated: March ___, 2016

3
_____
Michael Sloan,
Plaintiff Class Representative On Behalf Of the Class

4

5

Dated: March ___, 2016

_____
Alyn D. Goldsmith,
Plaintiff Class Representative On Behalf Of the Class

6

7

Dated: March _11_, 2016

_____
Deborah Elite,
Plaintiff Class Representative On Behalf Of the Class

8

9

10

Dated: March ___, 2016

_____
Billie Jo Wilson Elkin,
Plaintiff Class Representative On Behalf Of the Class

11

12

Dated: March ___, 2016

_____
Susanne Beadle,
Plaintiff Class Representative On Behalf Of the Class

13

14

15

Dated: March ___, 2016

_____
Alice Grothmann,
Plaintiff Class Representative On Behalf Of the Class

16

17

**For Contra Costa County:**

18

19

Dated: _____, 2016

_____
David Twa, Chief Administrative Officer
County of Contra Costa

20

21

**Approved As To Form Only:**

22

23
_____
Jeffrey Lewis
Keller Rohrback, L.L.P.
Attorneys for Retiree Support Group of
Contra Costa County and Class Counsel

24

25

26

27

28

1                                        **For Plaintiff Class:**

2
   Dated: March ____, 2016
3                                        _____
                                         Michael Sloan,
4                                        Plaintiff Class Representative On Behalf Of the Class

5  Dated: March ____, 2016
                                         _____
6                                        Alyn D. Goldsmith,
                                         Plaintiff Class Representative On Behalf Of the Class
7
   Dated: March ____, 2016
8                                        _____
                                         Deborah Elite,
9                                        Plaintiff Class Representative On Behalf Of the Class

10 Dated: March ____, 2016
                                         _____
11                                       Billie Jo Wilson Elkin,
                                         Plaintiff Class Representative On Behalf Of the Class
12
   Dated: March ____, 2016
13                                       _____
                                         Susanne Beadle,
14                                       Plaintiff Class Representative On Behalf Of the Class

15 Dated: March ____, 2016
                                         _____
16                                       Alice Grothmann
                                         Plaintiff Class Representative On Behalf Of the Class
17
                                         **For Contra Costa County:**
18
19 Dated: _____, 2016
                                         _____
20                                       David Twa, Chief Administrative Officer
                                         County of Contra Costa
21
22 **Approved As To Form Only:**

23
   _____
24 Jeffrey Lewis
   Keller Rohrback, L.L.P.
25 Attorneys for Retiree Support Group of
   Contra Costa County and Class Counsel
26
27
28

11587012.7                               -19-                        C 12-00944 JST

**For Plaintiff Class:**

Dated: March ___, 2016

_____
Michael Sloan,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ___, 2016

_____
Alyn D. Goldsmith,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ___, 2016

_____
Deborah Elite,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ___, 2016

_____
Billie Jo Wilson Elkin,
Plaintiff Class Representative On Behalf Of the Class

Dated: March _11_, 2016

_____
Susanne Beadle,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ___, 2016

_____
Plaintiff Class Representative On Behalf Of the Class

**For Contra Costa County:**

Dated: _____, 2016

_____
David Twa, Chief Administrative Officer
County of Contra Costa

**Approved As To Form Only:**

_____
Jeffrey Lewis
Keller Rohrback, L.L.P.
Attorneys for Retiree Support Group of
Contra Costa County and Class Counsel

**For Plaintiff Class:**

Dated: March ____, 2016

_____
Michael Sloan,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ____, 2016

_____
Alyn D. Goldsmith,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ____, 2016

_____
Deborah Elite,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ____, 2016

_____
Billie Jo Wilson Elkin,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ____, 2016

_____
Susanne Beadle,
Plaintiff Class Representative On Behalf Of the Class

Dated: March 10, 2016

_Alice Elaine Grothmann_
Alice Grothmann
Plaintiff Class Representative On Behalf Of the Class

**For Contra Costa County:**

Dated: _____, 2016

_____
David Twa, Chief Administrative Officer
County of Contra Costa

**Approved As To Form Only:**

_____
Jeffrey Lewis
Keller Rohrback, L.L.P.
Attorneys for Retiree Support Group of
Contra Costa County and Class Counsel

For Plaintiff Class:

Dated: March ____, 2016

Michael Sloan,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ____, 2016

Alyn D. Goldsmith,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ____, 2016

Deborah Elite,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ____, 2016

Billie Jo Wilson Elkin,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ____, 2016

Susanne Beadle,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ____, 2016

Alice Grothmann
Plaintiff Class Representative On Behalf Of the Class

For Contra Costa County:

Dated: 3/15/16, 2016

David Twa, Chief Administrative Officer
County of Contra Costa

**Approved As To Form Only:**

Jeffrey Lewis
Keller Rohrback, L.L.P.
Attorneys for Retiree Support Group of
Contra Costa County and Class Counsel

11587012.7

-19-

C 12-00944 JST

SETTLEMENT AGREEMENT

**For Plaintiff Class:**

Dated: March ___, 2016

_____
Michael Sloan,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ___, 2016

_____
Alyn D. Goldsmith,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ___, 2016

_____
Deborah Elite,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ___, 2016

_____
Billie Jo Wilson Elkin,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ___, 2016

_____
Susanne Beadle,
Plaintiff Class Representative On Behalf Of the Class

Dated: March ___, 2016

_____
Plaintiff Class Representative On Behalf Of the Class

**For Contra Costa County:**

Dated: _____, 2016

_____
David Twa, Chief Administrative Officer
County of Contra Costa

**Approved As To Form Only:**

_____
Jeffrey Lewis
Keller Rohrback, L.L.P.
Attorneys for Retiree Support Group of
Contra Costa County and Class Counsel

**Approved As To Form Only:**

Raymond F. Lynch
Hanson Bridgett LLP
Attorneys for Contra Costa County

Sharon L. Anderson, County Counsel

By:   Mary Ann McNett Mason
      Assistant County Counsel, Contra
      Costa County

-20-
SETTLEMENT AGREEMENT

C 12-00944 JST

11587012 7

EXHIBIT 2

## EXHIBIT 1

### Non-Medicare Retirees Not Required To Participate In Medicare

| | First Name | Last Name | Employee ID |
|---|---|---|---|
| 1 | Lubertha | Anderson | 19872 |
| 2 | Carl | Bice | 43044 |
| 3 | Eunice | Booker | 47284 |
| 4 | Patrick | Boyle | 31619 |
| 5 | George | Bremar | 19624 |
| 6 | Bruce | Brown | 45693 |
| 7 | Willie | Butler | 11549 |
| 8 | Nancy | Camgros | 38903 |
| 9 | John | Cassady | 22591 |
| 10 | Wilma | Choate | 36893 |
| 11 | Bobbette | Cochran | 31356 |
| 12 | Aleta | De Deaux | 32875 |
| 13 | John | De deaux | 29000 |
| 14 | Constancio | De Ocampo | 37941 |
| 15 | Deborah | Deas | 16287 |
| 16 | Clyde | Dedmon | 13300 |
| 17 | Charleen | Diaz | 41143 |
| 18 | George | Dillahunty | 45628 |
| 19 | Gwendolyn | Downs | 39522 |
| 20 | Irene | Estrella | 28323 |
| 21 | Joan | Francis | 46215 |
| 22 | Carolyn | Gaitzen | 46808 |
| 23 | Sakh | Ghaznawi | 43308 |
| 24 | Norma | Gibson | 19778 |
| 25 | Donald | Gillan | 14577 |
| 26 | Donald | Gonyer | 14514 |
| 27 | Edward | Greco | 43863 |
| 28 | William | Groth | 10922 |
| 29 | La Verta | Guy | 12360 |
| 30 | Ruth | Hager | 3028 |
| 31 | Felicia | Hawkins | 23131 |
| 32 | John | Higgins | 55615 |
| 33 | Robert | Hirst | 22601 |
| 34 | Barbara | Hodges | 65502 |
| 35 | Ruth | Howard | 55609 |
| 36 | William | Hoyt | 41052 |
| 37 | Harold | Huffman | 4309 |
| 38 | Emma Jean | Hunter | 34410 |
| 39 | Clondell | Jackson | 46541 |
| 40 | Myrleen | Jackson | 22417 |
| 41 | Charles | James | 20364 |
| 42 | Daria | Johnson | 45481 |
| 43 | Willette | Johnson | 32580 |
| 44 | Dorothy | Kent | 32509 |
| 45 | Adele | King | 35315 |
| 46 | Lee | King | 37907 |
| 47 | Ethel | Kish | 405 |
| 48 | Bertha | Knox | 50822 |
| 49 | Darlene | Koch | 6242 |
| 50 | Oludolapo | Macaulay | 62559 |
| 51 | Juanita | Machado | 11704 |
| 52 | Patricia | Martindale | 11387 |

| | First Name | Last Name | Employee ID |
|---|---|---|---|
| 53 | Joseph | Martinez | 30629 |
| 54 | Susan | Mc Kenzie | 28815 |
| 55 | Isiah | Mc Neal | 37621 |
| 56 | Virginia | Mouw | 39321 |
| 57 | Christine | Muider | 26272 |
| 58 | Lony | Ocampo | 44110 |
| 59 | Kenneth | Olden | 27258 |
| 60 | Hansa | Oza | 50091 |
| 61 | Julia | Pacheco | 38302 |
| 62 | Diane | Page | 6521 |
| 63 | Susanne | Penfold | 42602 |
| 64 | Charles | Perry | 45721 |
| 65 | Mary | Peterson | 47243 |
| 66 | John | Pinkston | 31264 |
| 67 | Marie | Poe | 22151 |
| 68 | Betty | Powell | 55377 |
| 69 | Veronica | Regelbrugge | 35826 |
| 70 | Jeanne | Reilly | 51895 |
| 71 | Marvel | Richards | 25206 |
| 72 | Helen | Rush | 43008 |
| 73 | Katherine | Saknaro | 23189 |
| 74 | Marva | Simmons | 36617 |
| 75 | Alvin | Smith | 30972 |
| 76 | Laura | Smith | 47233 |
| 77 | Sandra | Stark | 43316 |
| 78 | Joyce | Stripe | 10185 |
| 79 | Judith | Strong | 34303 |
| 80 | Mary | Sundance | 28521 |
| 81 | Astrid | Sylvia | 19924 |
| 82 | Cevina | Targum | 49693 |
| 83 | John | Ternes | 25092 |
| 84 | Juanita | Vaughns | 42095 |
| 85 | Eduardo | Villareal | 47395 |
| 86 | Therese | Weinbrandt | 54643 |
| 87 | Judith | Weitzner | 15007 |
| 88 | Rose-Marie | Westberg | 25292 |
| 89 | Sunny | Westbrook | 43823 |
| 90 | James | White | 42448 |
| 91 | Camille | Wilkinson | 64745 |
| 92 | Jeannette | Williams | 21898 |
| 93 | Lilian | Wilson | 49064 |
| 94 | Lena | Witherspoon | 11841 |
| 95 | Alice | Woodward | 42148 |
| 96 | Baolin | Wu | 26018 |

EXHIBIT I

EXHIBIT 2

2016 CONTRA COSTA COUNTY
EXHIBIT 2
MONTHLY MEDICAL AND DENTAL PREMIUMS

Maximum Fixed Monthly Premium Subsidies For Health Plans By Provider and Plan

| PLAN/COVERAGE DESCRIPTION BY HEALTH PLAN PROVIDER, PLAN AND TIER | 2016 TOTAL MONTHLY PLAN PREMIUM | 2016 COUNTY MONTHLY SUBSIDY | 2016 RETIREE MONTHLY SHARE | MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES (Agreement [3.17]) |
|---|---|---|---|---|
| **CONTRA COSTA HEALTH PLAN - BASIC PLAN A** | | | | |
| Retiree on Basic Plan A. | $709.06 | $509.92 | $199.14 | $509.92 |
| Retiree & 1 or more dependents on Basic Plan A | $1,689.37 | $1,214.90 | $474.47 | $1,214.90 |
| **CONTRA COSTA HEALTH PLAN - MEDICARE COORDINATION OF BENEFITS (COB) PLAN A *** | | | | |
| Retiree on Medicare COB Plan A * | $326.13 | $326.12 | $0.01 | $420.27 |
| Retiree & 1 dependent on Medicare COB Plan A - NEW COVERAGE LEVEL* | $652.26 | $652.25 | $0.01 | $840.54 |
| **COMBINATION OF CONTRA COSTA HEALTH PLAN - BASIC PLAN A & MEDICARE COB PLAN A*** | | | | |
| Retiree on Medicare COB Plan A, and 1 or more dependents on Basic Plan A* | $1,043.62 | $1,043.61 | $0.01 | $1,125.25 |
| Retiree & 1 dependent on Medicare COB Plan A, and 1 or more dependents on Basic Plan A* | $978.40 | $978.39 | $0.01 | $1,035.60 |
| Retiree on Basic Plan A, and 1 dependent on Medicare COB Plan A * | $1,043.62 | $1,043.61 | $0.01 | $1,125.25 |
| Retiree on Basic Plan A, and 2 or more dependents on Medicare COB Plan A* | $978.40 | $978.39 | $0.01 | $1,035.60 |
| Retiree & 1 dependent on Basic Plan A, and 1 or more dependents on Medicare COB Plan A* | $1,043.62 | $1,043.61 | $0.01 | $1,125.25 |

*The monthly plan premiums for the plans identified by an asterisk in Exhibit 2 (( Asterisked Plans) ) are currently less than the MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES listed in Exhibit 2. If, for any plan year, the maximum specific dollar amount of monthly premium subsidy rates by health plan provider, plan and Tier in the column in Exhibit 2 titled "MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES" is greater than one hundred percent of the respective monthly plan premium as determined by and between the County and its health care providers, the subsidy the County will pay for that year will not exceed and will be the one hundred percent of the monthly plan premium as determined by and between the County and its health care providers minus one cent (see Agreement Paragraph 3.17). Thus, for example, for 2016, the specific dollar amount of monthly premium subsidies listed by health plan provider, plan and Tier in the column titled "MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES" in Exhibit 2 exceeds the respective monthly plan premium by health plan provider, plan and Tier for the Asterisked Plans. Accordingly, the County will pay one hundred percent of the monthly plan premium minus one cent. The Retiree's share will be one cent). The specific dollar amount of monthly premium subsidies listed in the column titled "MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES" in Exhibit 2 by health plan provider, plan and Tier are the maximum subsidy the County will pay in the event monthly plan premiums as determined by and between the County and its health care providers subsequently increase to or exceed the level of the maximum specific dollar amounts of monthly premium subsidies listed by health plan provider, plan and Tier in the column titled "MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES" in Exhibit 2.

EXHIBIT 2

EXHIBIT 2

2016 CONTRA COSTA COUNTY
EXHIBIT 2
MONTHLY MEDICAL AND DENTAL PREMIUMS

Maximum Fixed Monthly Premium Subsidies For Health Plans By Provider and Plan

| PLAN / COVERAGE DESCRIPTION | 2016 TOTAL MONTHLY PLAN PREMIUM | 2016 COUNTY SUBSIDY | 2016 RETIREE MONTHLY SHARE | MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES Agreement [3.17] |
|---|---|---|---|---|
| **CONTRA COSTA HEALTH PLAN - BASIC PLAN B** | | | | |
| Retiree on Basic Plan B | $786.01 | $528.50 | $257.51 | $528.50 |
| Retiree & 1 or more dependents on Basic Plan B | $1,867.68 | $1,255.79 | $611.89 | $1,255.79 |
| **CONTRA COSTA HEALTH PLAN - MEDICARE COORDINATION OF BENEFITS (COB) PLAN B \*** | | | | |
| Retiree on Medicare COB Plan B* | $335.91 | $335.90 | $0.01 | $444.63 |
| **COMBINATION OF CONTRA COSTA HEALTH PLAN - BASIC PLAN B & MEDICARE COB PLAN B* - NEW COVERAGE LEVEL \*** | | | | |
| Retiree & 1 dependent on Medicare COB Plan B* | $671.81 | $671.81 | $0.01 | $889.26 |
| Retiree on Medicare COB Plan B * | | | | |
| Retiree & 1 dependent on Medicare COB Plan B and 1 or more dependents on Basic Plan B* | $1,074.90 | $1,074.90 | $0.01 | $1,171.93 |
| Retiree on Basic Plan B and 1 dependent on Medicare COB Plan B* | $1,007.72 | $1,007.71 | $0.01 | $1,088.06 |
| Retiree on Basic Plan B and 2 or more dependents on Medicare COB Plan B* | $1,074.91 | $1,074.90 | $0.01 | $1,171.93 |
| Retiree on Basic Plan B and 2 or more dependents on Medicare COB Plan B* | $1,007.72 | $1,007.71 | $0.01 | $1,088.06 |
| Retiree & 1 dependent on Basic Plan B and 1 or more dependents on Medicare COB Plan B* | $1,074.91 | $1,074.90 | $0.01 | $1,171.93 |

* The monthly plan premiums for the plans identified by an asterisk in Exhibit 2 (("Asterisked Plans") are currently less than the *MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES listed in Exhibit 2*. If, for any plan year, the maximum specific dollar amount of monthly premium subsidy listed by health plan provider, plan and Tier in the column in Exhibit 2 titled *MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES* is greater than one hundred percent of the respective monthly plan premium as determined by and between the County and its health care providers, the subsidy the County will pay for that year will not exceed and will be one hundred percent of the monthly plan premium as determined by and between the County and its health care providers minus one cent (See Agreement Paragraph 3.17). (Thus, for example, for 2016, the specific dollar amount of monthly premium subsidies listed by health plan provider, plan and Tier in the column titled *MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES* in Exhibit 2 exceeds the respective monthly plan premium by health plan provider, plan and Tier for the Asterisked Plans. Accordingly, the County will pay one hundred percent of the monthly plan premium minus one cent. The Retiree's share will be one cent). The specific dollar amount of monthly premium subsidies listed in the column titled *MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES* in Exhibit 2 by health plan provider, plan and Tier are the maximum subsidy the County will pay in the event monthly plan premiums as determined by and between the County and its health care providers subsequently increase to or exceed the level of the maximum specific dollar amounts of monthly premium subsidies listed by health plan provider, plan and Tier in the column titled *MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES* in Exhibit 2

1159960.2

EXHIBIT 2

# EXHIBIT 2

2016 CONTRA COSTA COUNTY
EXHIBIT 2
MONTHLY MEDICAL AND DENTAL PREMIUMS

## Maximum Fixed Monthly Premium Subsidies For Health Plans By Provider and Plan

| PLAN/COVERAGE DESCRIPTION | 2016 TOTAL MONTHLY PLAN PREMIUM | 2016 COUNTY SUBSIDY | 2016 RETIREE MONTHLY SHARE | MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES Agreement (3.17) |
|---|---|---|---|---|
| KAISER PERMANENTE - BASIC PLAN A | | | | |
| Retiree on Basic Plan A | $819.43 | $478.91 | $340.52 | $478.91 |
| Retiree & 1 or more dependents on Basic Plan A | $1,840.33 | $1,115.84 | $744.49 | $1,115.84 |
| KAISER PERMANENTE SENIOR ADVANTAGE (KPSA) PLAN A | | | | |
| Retiree on KPSA Plan A | $296.97 | $263.94 | $33.03 | $263.94 |
| Retiree & 1 dependent on KPSA Plan A | $562.02 | $512.79 | $59.23 | $512.79 |
| Retiree & 2 dependents on KPSA Plan A | $1,305.13 | $1,161.65 | $143.48 | $1,161.65 |
| COMBINATION OF KAISER BASIC PLAN A AND KPSA PLAN A | | | | |
| Retiree on KPSA Plan A, and, 1 or more dependents on Basic Plan A | $1,387.97 | $945.58 | $442.29 | $945.58 |
| Retiree & 1 or more dependents on Basic Plan A, and, 1 dependent on KPSA Plan A | $1,324.48 | $945.58 | $378.90 | $945.58 |
| KAISER PERMANENTE - BASIC PLAN B | | | | |
| Retiree on Basic Plan B | $656.63 | $478.91 | $177.72 | $478.91 |
| Retiree & 1 or more dependents on Basic Plan B | $1,529.95 | $1,115.84 | $414.11 | $1,115.84 |
| KAISER PERMANENTE SENIOR ADVANTAGE (KPSA) PLAN B* | | | | |
| Retiree on KPSA Plan B* | $235.18 | $235.17 | $0.01 | $263.94 |
| Retiree & 1 dependent on KPSA Plan B* | $608.00 | $607.99 | $0.01 | $512.79 |
| Retiree & 2 dependents on KPSA Plan B* | $988.89 | $988.88 | $0.01 | $1,161.65 |
| COMBINATION OF KAISER BASIC PLAN B AND KPSA PLAN B | | | | |
| Retiree on KPSA Plan B, and, 1 or more dependents on Basic Plan B | $1,098.50 | $945.58 | $152.92 | $945.58 |
| Retiree & 1 or more dependents on Basic Plan B, and, 1 dependent on KPSA Plan B | $1,039.45 | $945.58 | $93.87 | $945.58 |

*The monthly plan premiums for the plans identified by an asterisk in Exhibit 2 (i.e. Asterisked Plans ) are currently less than the MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES listed in Exhibit 2. If for any plan year, the monthly plan premium for any of the plans identified by an asterisk increases to an amount that exceeds its corresponding MAXIMUM FIXED MONTHLY PREMIUM SUBSIDY listed in Exhibit 2 then 'MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES' exceed and will not be one hundred percent of the monthly plan premium as determined by and between the County and its health care providers. In that year the County will pay that year and not exceed and one hundred percent of the specific dollar amount of monthly premium subsidies listed by health plan provider, plan and Tier in the column titled 'MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES' in Exhibit 2 exceeds the respective monthly plan premium by health plan provider, plan and Tier in the column titled 'MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES' in Exhibit 2 (i.e. For the Asterisked Plans . Accordingly, the County will pay one hundred percent of the monthly plan premium minus one cent ). The Retiree's share will be one cent. The specific dollar amount of monthly premium subsidies listed in the column titled 'MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES' in Exhibit 2 by health plan provider, plan and Tier are the maximum subsidy the County will pay in the event monthly plan premiums as determined by and between the County and its health care providers subsequently increase to or exceed the level of the maximum specific dollar amount of monthly premium subsidies listed by health plan provider, plan and Tier in the column titled 'MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES' in Exhibit 2.

EXHIBIT 2

# EXHIBIT 2

## Maximum Fixed Monthly Premium Subsidies For Health Plans By Provider and Plan

2016 CONTRA COSTA COUNTY
EXHIBIT 2
MONTHLY MEDICAL AND DENTAL PREMIUMS

| PLAN/COVERAGE DESCRIPTION | 2016 TOTAL MONTHLY PLAN PREMIUM | 2016 COUNTY SUBSIDY | 2016 RETIREE MONTHLY SHARE | MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES Agreement [3.17] |
|---|---|---|---|---|
| **HEALTH NET HMO PLAN - BASIC PLAN A** | | | | |
| Retiree on Basic Plan A | $1,294.30 | $627.79 | $666.51 | $627.79 |
| Retiree & 1 or more dependents on Basic Plan A | $3,175.02 | $1,540.02 | $1,635.00 | $1,540.02 |
| **HEALTH NET SENIORITY PLUS (HNSP) PLAN A** | | | | |
| Retiree on HNSP Plan A | $545.59 | $409.69 | $135.90 | $409.69 |
| Retiree & 1 dependent on HNSP Plan A | $1,091.18 | $819.38 | $271.80 | $819.38 |
| Retiree & 2 dependents on HNSP Plan A | $1,636.76 | $1,229.07 | $407.69 | $1,229.07 |
| **COMBINATION OF HEALTH NET BASIC PLAN A AND HEALTH NET SENIORITY PLUS PLAN A (HNSP)** | | | | |
| Retiree on HNSP Plan A, and 1 dependent on Basic Plan A | $1,839.89 | $1,068.49 | $771.40 | $1,068.49 |
| Retiree on HNSP Plan A, and 2 or more dependents on Basic Plan A | $3,720.61 | $1,949.71 | $1,770.90 | $1,949.71 |
| Retiree & 1 dependent on HNSP Plan A, and 1 dependent on Basic Plan A | $2,385.48 | $1,509.13 | $876.35 | $1,509.13 |
| Retiree on Basic Plan A, and 1 dependent on HNSP Plan A | $1,839.89 | $1,068.49 | $771.40 | $1,068.49 |
| Retiree & 1 or more dependents on Basic Plan A, and 1 dependent on HNSP Plan A | $3,720.61 | $1,949.71 | $1,770.90 | $1,949.71 |
| **HEALTH NET HMO PLAN - BASIC PLAN B** | | | | |
| Retiree on Basic Plan B | $900.03 | $627.79 | $272.24 | $627.79 |
| Retiree & 1 or more dependents on Basic Plan B | $2,207.86 | $1,540.02 | $667.84 | $1,540.02 |
| **HEALTH NET SENIORITY PLUS (HNSP) PLAN B** | | | | |
| Retiree on HNSP Plan B | $458.02 | $409.69 | $48.33 | $409.69 |
| Retiree & 1 dependent on HNSP Plan B | $916.04 | $819.38 | $96.66 | $819.38 |
| Retiree & 2 dependent on HNSP Plan B | $1,374.06 | $1,229.07 | $144.99 | $1,229.07 |
| **COMBINATION OF HEALTH NET BASIC PLAN B AND HEALTH NET SENIORITY PLUS PLAN B (HNSP)** | | | | |
| Retiree on HNSP Plan B and, 1 dependent on Basic Plan B | $1,358.05 | $1,068.49 | $289.56 | $1,068.49 |
| Retiree on HNSP Plan B, and 2 or more dependents on Basic Plan B | $2,665.88 | $1,949.71 | $716.17 | $1,949.71 |
| Retiree & 1 dependent on HNSP Plan B, and, 1 dependent on Basic Plan B | $1,816.07 | $1,509.13 | $306.94 | $1,509.13 |
| Retiree on Basic Plan B, and 1 dependent on HNSP Plan B | $1,358.05 | $1,068.49 | $289.56 | $1,068.49 |
| Retiree & 1 or more dependents on Basic Plan B, and 1 dependent on HNSP Plan B | $2,665.88 | $1,949.71 | $716.17 | $1,949.71 |

11739660.2

EXHIBIT 2

EXHIBIT 2

EXHIBIT 2

# EXHIBIT 2

2016 CONTRA COSTA COUNTY

**EXHIBIT 2**

MONTHLY MEDICAL AND DENTAL PREMIUMS

## Maximum Fixed Monthly Premium Subsidies For Health Plans By Provider and Plan

| PLAN/COVERAGE DESCRIPTION | 2016 TOTAL MONTHLY PLAN PREMIUM | 2016 COUNTY SUBSIDY | 2016 RETIREE MONTHLY SHARE | MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES Agreement [3.1.C] |
|---|---|---|---|---|
| **HEALTH NET MEDICARE COORDINATION OF BENEFITS PLAN (HN COB)** | | | | |
| Retiree on HN COB Plan | $959.04 | $467.13 | $491.91 | $467.13 |
| Retiree & 1 or more dependents, 2 on HN COB | $1,318.08 | $934.29 | $383.79 | $934.29 |
| **COMBINATION OF HEALTH NET BASIC PLAN A AND HEALTH NET COORDINATION OF BENEFITS PLAN (HN COB)** | | | | |
| Retiree on HN COB, and 1 dependent on Basic Plan A | $1,993.34 | $1,083.16 | $870.18 | $1,083.16 |
| Retiree on Basic Plan A, and 1 dependent on HN COB | $1,993.34 | $1,083.16 | $870.18 | $1,083.16 |
| Retiree on HN COB, and 2 or more dependents on HN Basic Plan A | $3,834.06 | $2,007.15 | $3,429.91 | $2,007.15 |
| Retiree & 1 dependent on HN COB, and 1 dependent on Basic Plan A | $2,802.30 | $1,362.08 | $1,040.50 | $1,362.08 |
| Retiree on Basic Plan A, and 2 dependents on HN COB | $2,802.38 | $1,362.08 | $1,040.30 | $1,362.08 |
| **COMBINATION OF HEALTH NET SENIORITY PLUS PLAN A (HNSP) AND COORDINATION OF BENEFITS (COB) PLANS** | | | | |
| Retiree on HNSP Plan A, and 1 dependent on Health Net Coordination of Benefits (COB) Plan | $1,204.63 | $876.82 | $327.81 | $876.82 |
| Retiree on Health Net Coordination of Benefits (COB) Plan, and 1 dependent on HNSP Plan A | $1,204.63 | $876.82 | $327.81 | $876.82 |
| **COMBINATION OF HEALTH NET BASIC PLAN B AND HEALTH NET COORDINATION OF BENEFITS (HN COB)** | | | | |
| Retiree on HN COB and 1 dependent on Basic Plan B | $1,559.07 | $1,083.16 | $475.91 | $1,083.16 |
| Retiree on Basic Plan B, and 1 dependent on HN COB | $1,559.07 | $1,083.16 | $475.91 | $1,083.16 |
| Retiree on HN COB, and 2 or more dependents on HN Basic Plan B | $2,866.90 | $2,007.15 | $859.75 | $2,007.15 |
| Retiree & 1 dependent on HN COB, and 1 dependent on Basic Plan B | $2,218.11 | $1,562.08 | $656.03 | $1,562.08 |
| Retiree on Basic Plan B and 2 dependents on HN COB | $2,218.11 | $1,562.08 | $656.03 | $1,562.08 |
| **COMBINATION OF HEALTH NET SENIORITY B PLUS (HNSP) AND COORDINATION OF BENEFITS (COB) PLANS** | | | | |
| Retiree on HNSP Plan B, and 1 dependent on Health Net Coordination of Benefits (COB) Plan | $1,117.06 | $876.82 | $240.24 | $876.82 |
| Retiree on Health Net Coordination of Benefits (COB) Plan, and 1 dependent on HNSP Plan B | $1,117.06 | $876.82 | $240.24 | $876.82 |

**EXHIBIT 2**

1174092.1

EXHIBIT 2

Maximum Fixed Monthly Premium Subsidies For Health Plans By Provider and Plan

2016 CONTRA COSTA COUNTY
EXHIBIT 2
MONTHLY MEDICAL AND DENTAL PREMIUMS

| PLAN/COVERAGE DESCRIPTION | 2016 TOTAL MONTHLY PLAN PREMIUM | 2016 COUNTY SUBSIDY | 2016 RETIREE MONTHLY SHARE | MAXIMUM FIXED MONTHLY PREMIUM SUBSIDIES Agreement (3.17) |
|---|---|---|---|---|
| **HEALTH NET CA & NAT'L PPO PLAN - BASIC PLAN A** | | | | |
| Retiree on PPO Basic Plan A | $1,699.52 | $604.60 | $1,094.92 | $604.60 |
| Retiree & 1 or more dependents on PPO Basic Plan A | $4,037.34 | $1,436.25 | $2,601.09 | $1,436.25 |
| **HEALTH NET CA & NAT'L PPO PLAN A WITH MEDICARE PARTS A & B** | | | | |
| Retiree on PPO Medicare Plan A | $987.65 | $563.17 | $424.48 | $563.17 |
| Retiree & 1 or more dependents on PPO Medicare Plan A | $1,975.31 | $1,126.24 | $849.07 | $1,126.24 |
| **COMBINATION OF HEALTH NET CA & NAT'L PPO PLAN A - BASIC PLAN & PPO MEDICARE PLAN A** | | | | |
| Retiree on PPO Medicare Plan A, and, 1 dependent on PPO Basic Plan A | $2,687.17 | $1,167.78 | $1,519.39 | $1,167.78 |
| Retiree on PPO Basic Plan A, and, 1 dependent on PPO Medicare Plan A | $2,687.17 | $1,167.78 | $1,519.39 | $1,167.78 |
| Retiree & 1 dependent on PPO Medicare Plan A, and, 1 dependent on PPO Basic Plan A | $3,674.83 | $1,730.84 | $1,943.99 | $1,730.84 |
| Retiree on PPO Basic Plan A, and 2 dependents on PPO Medicare Plan A | $3,674.83 | $1,730.84 | $1,943.99 | $1,730.84 |
| **HEALTH NET CA & NAT'L PPO PLAN - BASIC PLAN B** | | | | |
| Retiree on PPO Basic Plan B | $1,529.99 | $604.60 | $925.39 | $604.60 |
| Retiree & 1 or more dependents on PPO Basic Plan B | $3,634.58 | $1,436.25 | $2,198.33 | $1,436.25 |
| **HEALTH NET CA & NAT'L PPO PLAN B WITH MEDICARE PARTS A & B** | | | | |
| Retiree on PPO Medicare Plan B | $897.02 | $563.17 | $333.85 | $563.17 |
| Retiree & 1 or more dependents on PPO Medicare Plan B | $1,794.04 | $1,126.24 | $667.80 | $1,126.24 |
| **COMBINATION OF HEALTH NET CA & NAT'L PPO PLAN B - BASIC PLAN B & PPO MEDICARE PLAN B** | | | | |
| Retiree on PPO Medicare Plan B, and, 1 dependent on PPO Basic Plan B | $2,427.01 | $1,167.78 | $1,259.23 | $1,167.78 |
| Retiree on PPO Basic Plan B, and, 1 dependent on PPO Medicare Plan B | $2,427.01 | $1,167.78 | $1,259.23 | $1,167.78 |
| Retiree & 1 dependent on PPO Medicare Plan B, and, 1 dependent on PPO Basic Plan B | $3,324.03 | $1,730.84 | $1,593.19 | $1,730.84 |
| Retiree on PPO Basic Plan B, and 2 dependents on PPO Medicare Plan B | $3,324.03 | $1,730.84 | $1,593.19 | $1,730.84 |

EXHIBIT 2

EXHIBIT 2

Maximum Fixed Monthly Premium Subsidies For Health Plans By Provider and Plan

2016 CONTRA COSTA COUNTY
EXHIBIT 2
MONTHLY MEDICAL AND DENTAL PREMIUMS

| PLAN/COVERAGE DESCRIPTION | | 2016 TOTAL MONTHLY PLAN PREMIUM | 2016 COUNTY SUBSIDY | 2016 RETIREE MONTHLY SHARE | MAXIMUM FIXED PREMIUM SUBSIDIES Agreement (3.17) |
|---|---|---|---|---|---|
| DELTA DENTAL PREMIER - $1,800 ANNUAL MAXIMUM | | | | | |
| For CCHP Plans | Retiree | $44.27 | $41.17 | $3.10 | $41.17 |
| | Family | $100.00 | $93.00 | $7.00 | $93.00 |
| For Health Net Plans | Retiree | $44.27 | $34.02 | $10.25 | $34.02 |
| | Family | $100.00 | $76.77 | $23.23 | $76.77 |
| For Kaiser Permanente Plans | Retiree | $44.27 | $34.02 | $10.25 | $34.02 |
| | Family | $100.00 | $76.77 | $23.23 | $76.77 |
| Without a Health Plan | Retiree | $44.27 | $43.35 | $0.92 | $43.35 |
| | Family | $100.00 | $97.81 | $2.19 | $97.81 |
| DELTA CARE (PMI) | | | | | |
| For CCHP Plans | Retiree | $29.06 | $25.41 | $3.65 | $25.41 |
| | Family | $62.81 | $54.91 | $7.90 | $54.91 |
| For Health Net Plans | Retiree | $29.06 | $21.31 | $7.75 | $21.31 |
| | Family | $62.81 | $46.05 | $16.76 | $46.05 |
| For Kaiser Permanente Plans | Retiree | $29.06 | $21.31 | $7.75 | $21.31 |
| | Family | $62.81 | $46.05 | $16.76 | $46.05 |
| Without a Health Plan | Retiree | $29.06 | $27.31 | $1.75 | $27.31 |
| | Family | $62.81 | $59.03 | $5.78 | $59.03 |

EXHIBIT 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

**Settlement Class Opt Outs**

**EXHIBIT 2**
Settlement Class Opt Outs

**EXHIBIT 2**
to
**FINAL JUDGMENT**

*(Retiree Support Group of Contra Costa County v. Contra Costa County*,
United States District Court, Northern District of California Case No. C 12-00944 JST)

### Persons Who Opted Out of Settlement Class

| | |
|---|---|
| Donna L. | Abeyta |
| Tamara | Angel |
| Ronald | Atkinson |
| Susanne | Bagno |
| Jerrilee | Bauer |
| Andrea | Baxter |
| Irene | Bergamini |
| Priscilla C | Boone |
| Pauline | Booth |
| Roberta M. | Bowen |
| Sarah | Buckman |
| Richard | Cabral |
| Shirley | Casillas |
| Vickie V | Chamberlain |
| Dianne J. | Cunnison |
| Claudia L. | Dougherty |
| Angelina | Elias |
| Russel T. | Fernandez |
| Dorothy | Gill |
| Imelda | Gonzalez |
| Karen | Gregory |
| Rosina | Judd |
| Darlene C | Kennedy |
| Sharon L. | Killough |
| Carolyn L. | Kitchen |
| Janice | L. Zimmerman |
| Nora E | La Pointe |
| M Ruby | Lagrimas |
| Vinod | Maharaj |
| Suzanne | Maldonado |
| Tatiana A | Marek |
| Delia | Mariscal |
| Margaret R | Markwith |
| Margie E | Mathis |
| Vicki L. | Matthews |
| Leona J | Mc Cann |
| Pamela | McFarlin |
| Maryann | McGibery |
| Ann | Minutoli |

12742927.2

*Retiree Support Group of Contra Costa County v. Contra Costa County*

| | |
|---|---|
| Sharon L | Naramore |
| Marty | Ochoa |
| Yuriko | Oda |
| Joyce | Owens |
| Nadine G | Peyrucain |
| Gloria W. | Price |
| Shirley A. | Robbins |
| Marie | Roberts |
| Ruth A | Roe |
| Patricia R. | Russel |
| Julia | Shandera |
| John | Ternes |
| Margerite C | Weaver |
| Nancy Perry | White |
| Laurie | Wilkinson |
| Charlene D | Wong |

**EXHIBIT 2 to Final Judgment**
C 12-00944 JST     Page 2 of 2

12742927.2